**ROBERT M., as Next Friend of Renee K., Appellee,**

v.

**Dr. Robert D. BENTON, Individually and as State Superintendent of Public Instruction; Mr. J. Frank Vance as State Director of the Division of Special Education, Appellants.**

**Dr. Marilyn Marsh, as Director of Special Education, Area Education Agency 12; Mr. Donald Southwick, Individually and as Superintendent of West Monona Community School District.**

**No. 79–1763.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1980.

Decided May 23, 1980.

Before BRIGHT, ROSS and ARNOLD, Circuit Judges.

## ORDER OF LIMITED REMAND

Robert M., as next friend of Renee K., brought this action for declaratory and injunctive relief against Iowa school officials after the latter had decided to place Renee K. in a special educational class and Robert M. had exhausted his administrative remedies. The gravamen of Robert M.'s complaint was that defendants had violated provisions of the Education for All Handicapped Children Act of 1975 (the Act), 20 U.S.C. § 1401 *et seq.* (1976), as well as 29 U.S.C. § 794 (1976), by failing to insure that Renee K. was educated as much as possible with nonhandicapped children. The complaint also alleged violations of the due process and equal protection clauses of the fourteenth amendment and 42 U.S.C. § 1983 (1976).

On January 24, 1979, the district court issued a revised temporary restraining order and preliminary injunction. The court determined initially that it had jurisdiction of the action under 20 U.S.C. § 1415(e)(2) (1976), which authorizes judicial review of the findings and decisions made by educational agencies under the provisions of the Act. The court then ordered that Renee K. be kept in her regular education classes while the action was pending, pursuant to 20 U.S.C. § 1415(e)(3) (1976).

On April 9, 1979, Robert M. filed a motion for partial summary judgment. In that motion, Robert M. alleged that defendant Dr. Robert D. Benton was an employee of Iowa's state educational agency when he presided over Renee K.'s due process hearing, in violation of 20 U.S.C. § 1415(b)(2) (1976).[1] Robert M.'s motion requested the district court

Howard O. Hagen, Asst. Atty. Gen., Des Moines, Iowa, for appellants; Thomas J. Miller, Atty. Gen., Des Moines, Iowa, on brief.

Martin Ozga, Sioux City, Iowa, for appellee.

---

1. 20 U.S.C. § 1415(b)(2) (1976) provides as follows:

> Whenever a complaint has been received under paragraph (1) of this subsection, the parents or guardian shall have an opportunity for an impartial due process hearing which shall be conducted by the State educational agency or by the local educational agency or intermediate educational unit, as determined by State law or by the State educational agency. No hearing conducted pursuant to the requirements of this paragraph shall be conducted by an employee of such agency or unit involved in the education or care of the child.

to declare that Dr. Robert D. Benton and any other employee of the State Department of Public Instruction are barred from conducting due process hearings pursuant to the provisions of 20 U.S.C. § 1415(b)(2) and 45 C.F.R. § 121a.507(a)(1); to order that the State Department of Public Instruction hire independent hearing officers to conduct future due process hearings; and to remand this case for further proceedings.

On August 13, 1979, the district court issued an order granting plaintiff Robert M.'s motion for partial summary judgment. The court found that Dr. Robert D. Benton, Iowa's Superintendent of Public Instruction, was not technically an employee of the State Department of Public Instruction but rather its director, in conjunction with the State Board of Public Instruction. The court nonetheless found that Dr. Benton was connected with Iowa education, and that he would therefore have a personal and professional interest in the case. *See* 45 C.F.R. § 121a.507(a)(2) (1979). The court also concluded that Dr. Benton must be considered an employee of Iowa's state educational agency, and held accordingly that the hearing over which he presided violated the statute by failing to provide due process. The court ordered that plaintiff's motion be sustained and that the case be remanded for a new hearing presided over by an outside hearing officer. Dr. Benton has appealed.

■ This appeal presents us with serious jurisdictional problems. First of all, the district court did not enter a separate judgment upon its order, as required by Fed.R. Civ.P. 58. While this may be forgivable in a simple case, *see Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (*per curiam*), it is very doubtful that an implied judgment in this action could be considered final and hence appealable. Several claims for relief set forth in plaintiff Robert M.'s complaint have not been adjudicated, and the district court has not made the express determination required for entry of a partial final judgment under Fed.R.Civ.P. 54(b). It follows that we do not have jurisdiction under 28 U.S.C. § 1291 (1976).[2]

It appears, however, that plaintiff Robert M.'s motion for partial summary judgment requested both declaratory and injunctive relief. In sustaining this motion and requiring an outside hearing officer to preside at plaintiff's new hearing, the district court may have granted what amounts to an injunction against Dr. Benton, notwithstanding the order's failure to comply with the formal requirements of Fed.R.Civ.P. 65(d). If so, we have jurisdiction of this appeal under 28 U.S.C. § 1292(a)(1) (1976). Given the ambiguous nature of the proceedings below, we must remand this case to the district court so that it can clarify its order of August 13, 1979.

■ During oral argument counsel advised the court that Renee K. was currently enrolled in special education classes, pursuant to a placement effective since October 9, 1979. This court inquired whether this fact rendered plaintiff Robert M.'s claims moot. Robert M. has since filed a supplementary brief on this issue. Thus, the question of mootness as well as that of appealability poses an obstacle to our reaching the merits of this case. We believe the district court on remand should address and resolve the mootness issue. Subject to the district court's resolution of this issue and clarification of its order of August 13, 1979, granting partial summary judgment, we retain jurisdiction over this appeal. We ask the district court to act as expeditiously as possible in deciding these matters, and we request that it certify to us a supplementary record of all proceedings conducted on remand.

It is so ordered.

2. While conceding that the district court's order is not final, Robert M. urges us to apply the "exception" to 28 U.S.C. § 1291 allegedly recognized in *Gillespie v. U. S. Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). This argument misconceives the thrust of *Gillespie*, which did not recognize any such exception but rather applied a practical test in deciding whether the finality requirement was satisfied. Robert M.'s concession, entirely appropriate on the facts of this case, thus vitiates his argument in favor of appellate jurisdiction.