ROBERT M., as Next Friend of Renee K., Appellee,

v.

Dr. Robert D. BENTON, individually and as State Superintendent of Public Instruction; Mr. J. Frank Vance as State Director of the Division of Special Education, Appellants.

Dr. Marilyn Marsh, as Director of Special Education, Area Education Agency 12; Mr. Donald Southwick, individually and as Superintendent of West Monona Community School District.

No. 79–1763.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 3, 1980.

Decided Dec. 1, 1980.

---

**1140**

Howard O. Hagen, Asst. Atty. Gen., Des Moines, Iowa, for appellants; Thomas J. Miller, Atty. Gen., Des Moines, Iowa, on brief.

Martin Ozga, Sioux City, Iowa, for appellee.

Before BRIGHT, ROSS, and ARNOLD, Circuit Judges.

BRIGHT, Circuit Judge.

Robert M., as next friend of Renee K., brought this complaint against Iowa school officials after the latter decided to place Renee K. in special education classes. Dr. Robert D. Benton, Iowa Superintendent of Public Instruction, now appeals from the district court[1] judgment declaring that he violated a provision of the Education for All Handicapped Children Act of 1975 (the Act)[2] by presiding over the due process hearing to which Renee K. was entitled under the Act. Dr. Benton contends on appeal that the district court misinterpreted this statutory provision.

We previously remanded this case to the district court for a clarification of jurisdictional issues not raised by the parties. *Robert M. v. Benton*, 622 F.2d 370 (8th Cir. 1980). We now reach the merits and affirm the district court judgment.

I. *Background.*

Our previous opinion detailed the factual background and procedural history of this case. *Id.* at 371–72. In brief, Renee K., an eight–year–old child, has been diagnosed as mildly mentally retarded. When local school officials recommended her transfer to so–called "special" classes in June 1978, Renee's stepfather, as her next friend, appealed the recommendation to the State Department of Public Instruction. Pursuant to Iowa law, Dr. Benton held a due process hearing to review the recommendation on behalf of the State Board of Public Instruction.[3] In November 1978 the State Board affirmed the recommendation of the local school officials.

After exhausting his administrative remedies Robert M. commenced this suit against Iowa school officials for declaratory and injunctive relief. In part, Robert M. alleged that Dr. Benton had violated that provision of the Act which bars a state educational agency's employee from conducting a due process hearing required by the Act. 20 U.S.C. § 1415(b)(2) (1976).[4] He

---

1. The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

2. The Act is codified at 20 U.S.C. § 1401 *et seq.* (1976). In issue here are 20 U.S.C. § 1415(b)(2) (1976) and an accompanying regulation, 45 C.F.R. § 121a.507 (1979), quoted at note 4 *infra*.

3. Iowa Code § 290.5 (1980). *See generally* Iowa Code § 290.1 *et seq.* (1980).

4. 20 U.S.C. § 1415(b)(2) (1976) reads in full:
   Whenever a complaint has been received under paragraph (1) of this subsection, the parents or guardian shall have an opportunity for an impartial due process hearing which shall be conducted by the State educational agency or by the local educational agency or intermediate educational unit, as determined

by State law or by the State educational agency. *No hearing conducted pursuant to the requirements of this paragraph shall be conducted by an employee of such agency or unit involved in the education or care of the child.* [Emphasis added.]
The accompanying regulation which interprets the last sentence of this provision, 45 C.F.R. § 121a.507 (1979), reads as follows:
   (a) A hearing may not be conducted:
   (1) By a person who is an employee of a public agency which is involved in the education or care of the child, or
   (2) By any person having a personal or professional interest which would conflict with his or her objectivity in the hearing.
   (b) A person who otherwise qualifies to conduct a hearing under paragraph (a) of this section is not an employee of the agency

also alleged other statutory and constitutional violations.[5] Robert M. moved for partial summary judgment on his claim that Dr. Benton had violated the Act by serving as the hearing officer in Renee K.'s case. The district court ordered that the motion be sustained and remanded the case for a new hearing presided over by an outside hearing officer. Dr. Benton appealed.

Following oral argument we remanded this case because of doubts about jurisdiction. We noted first that the district court had not entered a separate judgment upon its order as required by Fed.R.Civ.P. 58. Moreover, we noted that in disposing of only one of Robert M.'s several claims for relief, the district court had not made the express determination required for entry of a partial final judgment under Fed.R.Civ.P. 54(b). On remand the district court entered a separate judgment and made the express determination necessary for entry of such a judgment under Rule 54(b). That judgment constitutes a final order subject to review under 28 U.S.C. § 1291 (1976).[6]

II. *Analysis.*

This case presents us with a single, narrow issue of statutory construction: whether Dr. Benton is an "employee of such agency * * * involved in the education" of Renee K. within the meaning of section 1415(b)(2) and thus prohibited from conducting any due process hearing to which she is entitled under the Act. The district court found that Dr. Benton, Iowa's Superintendent of Public Instruction, was not technically an employee of the State Department of Public Instruction but rather its director in conjunction with the State Board of Public Instruction. The court concluded that Dr. Benton must be considered an employee of Iowa's state educational agency, and held accordingly that the hearing over which he presided violated the Act's provision requiring an impartial hearing officer.[7]

On appeal Dr. Benton argues, in effect, that the statutory provision applies only to employees of *direct* providers of educational services. As Superintendent of Public Instruction and an employee of the State Board of Public Instruction, Dr. Benton is not employed by a direct provider of educational services (*i. e.,* the local school board), but rather merely exercises supervisory authority over such a provider. Dr. Benton contends, therefore, that he is not employed by an agency "involved in the education" of Renee K. and that the district court erroneously prohibited him from conducting due process hearings under the Act. Although the argument is a plausible one under the imprecise statutory language, we reject that contention in light of the Act's unusually clear and relevant legislative history.

The Act emerged in its present form from a congressional conference committee which settled differences in the House and Senate versions of the bill. *See generally* S.Conf.Rep.No.94–455, 94th Cong., 1st Sess.

---

solely because he or she is paid by the agency to serve as a hearing officer.

(c) Each public agency shall keep a list of the persons who serve as hearing officers. The list must include a statement of the qualifications of each of those persons.

**5.** Robert M. alleged that defendants had violated 29 U.S.C. § 794 (1976) (by failing to insure that Renee K. was educated as much as possible with nonhandicapped children), as well as the due process and equal protection clauses of the fourteenth amendment and 42 U.S.C. § 1983 (1976).

**6.** At our direction, the district court also held a hearing on remand to determine whether Renee K.'s current enrollment in special education classes pursuant to a placement effective in October 1979 mooted the case. Following the hearing the district court found that because the allegedly wrongful governmental action was likely to recur and because the issue it raised was capable of repetition, yet evading review, Renee K.'s placement had not mooted Robert M.'s claim for declaratory relief. *E.g., Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974). We agree.

**7.** The district court also found that Dr. Benton was connected with Iowa education and that he would therefore have a personal and professional interest in the case, in violation of 45 C.F.R. § 121a.507(a)(2) (1979). Robert M. does not urge this contention on appeal, and our disposition of the case makes it unnecessary for us to consider it.

27–55 (1975), *reprinted in* [1975] U.S.Code Cong. & Admin.News, pp. 1425, 1480–1508.[8] The bill passed by the Senate originally provided that "the impartial due process hearing [mandated by the Act] will not be conducted by an employee of the State or local educational agency directly involved in the education or care of the child[.]" *Id.* at 47, [1975] U.S.Code Cong. & Admin.News at 1500. Expressly to clarify the minimum standard of impartiality applicable to individuals conducting due process hearings, however, the conference substituted language providing that "no hearing may be conducted by an employee of the State or local educational agency involved in the education or care of the child." *Id.* at 49, [1975] U.S.Code Cong. & Admin.News at 1502. The Senate Conference Report therefore indicates that the Act, promulgated as the conference substitute for differing House and Senate versions of the bill and passed in November 1975 by both Houses, intentionally expanded its prohibition to include employees of state educational agencies not directly involved in the education of the child and so to disqualify them from serving as hearing officers under section 1415(b)(2).[9] As Iowa's Superintendent of Public Instruction, Dr. Benton is employed by the State Board of Public Instruction, which clearly is involved, although indirectly, in the education of Renee K.[10] We therefore conclude that the Act forbids him from serving as her due process hearing officer.[11]

III. *Conclusion.*

For the reasons set forth above, we affirm the district court judgment declaring the Iowa Superintendent of Public Instruction to be statutorily disqualified from serving as hearing officer in due process hearings required by the Act.

---

8. Technically, the House bill was an amendment to the Senate bill.

9. Confronting a substantively similar issue under the Act, the United States District Court for the Western District of Missouri has reached the same conclusion. *See Vogel v. School Bd. of Montrose R–14 School Dist.,* 491 F.Supp. 989, 995 (W.D.Mo.1980).

10. Dr. Benton also seems to contend that the relevant state educational agency for purposes of 20 U.S.C. § 1415(b)(2) is not the State Board of Public Instruction, but rather the State Department of Public Instruction, and because he is not employed by the latter, he is not disqualified under the Act. To the extent that his appeal rests on this contention, we reject it.

11. Dr. Benton also contends (1) that Iowa law requires him to serve as hearing officer in complaints brought under the Act, and (2) that 45 C.F.R. § 121a.506 (1979) authorizes Dr. Benton to serve as hearing officer under the Act in conformity with Iowa law. Even assuming the accuracy of the first contention, the Act provides, however, that any state or local educational agency which receives assistance thereunder "shall establish and maintain procedures in accordance with" the requirements of 20 U.S.C. § 1415(b)–(e) (1976). 20 U.S.C. § 1415(a) (1976). Section 1415(b)(2) and its accompanying regulation, 45 C.F.R. § 121a.507, require an impartial hearing officer. As noted by the district court, 45 C.F.R. § 121a.506 (1979) simply does not address the type of hearing officer required by the Act.