ROBERT M., as Next Friend of
Renee K., Appellant,

v.

Dr. Robert D. BENTON, individually and
as State Superintendent of Public In-
struction; J. Frank Vance, as State Di-
rector of the Division of Special Educa-
tion; Dr. Marilyn Marsh, as Director of
Special Education, Area Education
Agency 12; Donald Southwick, individu-
ally and as Superintendent of West
Monona Community School District, Ap-
pellees.

ROBERT M., as Next Friend of
Renee K., Appellee,

v.

Dr. Robert D. BENTON, individually and
as State Superintendent of Public In-
struction; and J. Frank Vance, as State
Director of the Division of Special Edu-
cation, Appellants,

Dr. Marilyn Marsh, as Director of Special
Education, Area Education Agency 12;
Donald Southwick, individually and as
Superintendent of West Monona Com-
munity School District.

Nos. 81–1594, 81–1638.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 18, 1981.

Decided Feb. 24, 1982.

See also, 8 Cir., 622 F.2d 370, 8 Cir., 634 F.2d 1139.

Martin Ozga, Legal Services Corp. of Iowa, Des Moines, Iowa, for Robert M.

Thomas J. Miller, Atty. Gen., Howard O. Hagen, Asst. Atty. Gen., argued, Des Moines, Iowa, for appellee-cross appellant.

Before LAY, Chief Judge, and HENLEY and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

Plaintiff appeals a District Court order[1] awarding him $5,052 in attorney's fees, rather than the $8,740 which he requested. Defendant cross-appeals, contending that an award of attorney's fees is not recoverable in this particular case. Believing that fees are recoverable because the complaint contained a nonfrivolous claim based on 42 U.S.C. § 1983, and that the District Court did not abuse its discretion in fixing the amount of the fee, we affirm.

Renee K. has been diagnosed as a mildly mentally-retarded child. In 1978, disputes arose between Renee's parents, Mr. and Mrs. Robert M., and West Monona Community School District concerning educational placement for Renee. The school district recommended that she be placed in special education classes. Mr. M. appealed this recommendation to the State Department of Public Instruction, and pursuant to Iowa law a due-process hearing was held. Dr. Robert Benton, then State Superintendent of Public Instruction, presided. A decision was issued denying the plaintiff's claims, and an application for rehearing was denied.

Thereafter Mr. M. filed suit, seeking declaratory and injunctive relief pursuant to the Education for All Handicapped Children Act, 20 U.S.C. § 1401 *et seq.* (EAHCA); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; 42 U.S.C. § 1983; and the Due Process and Equal Protection Clauses of the Fourteenth Amendment (Designated Record p. 1, ¶ I). Cross-motions for partial summary judgment were filed concerning the propriety of Dr. Benton's sitting as a hearing officer in the due-process hearing. The District Court sustained plaintiff's motion for partial summary judgment and denied defendant's motion, holding that 20 U.S.C. § 1415(b)(2) barred Dr. Benton from presiding. It remanded the matter to the state agency for a new hearing, *Robert M. v. Benton*, No. C–79–4007 (N.D.Iowa, Aug. 13, 1979). Defendant Benton appealed that order, and

this Court remanded, urging the parties and the District Court to address jurisdictional and mootness issues. *Robert M. v. Benton*, 622 F.2d 370 (8th Cir. 1980). On remand the District Court again granted plaintiff's motion for partial summary judgment, found that the case was not moot, and made the express determination necessary for entry of judgment pursuant to Fed.R.Civ.P. 54(b). *Robert M. v. Benton*, No. C–79–4007 (N.D.Iowa, Sept. 24, 1980). This Court affirmed. *Robert M. v. Benton*, 634 F.2d 1139 (8th Cir. 1980).

Subsequently the plaintiff renewed his motion for an award of attorney's fees and costs. Defendants resisted, and a hearing was held. Plaintiff submitted a time sheet which showed that counsel spent 218.5 hours on the case and asked that he be compensated at $40.00 an hour, for a total of $8,740.00. The Court held that attorney's fees were appropriate, but that 50 hours of the time listed would not have been spent if counsel had been an experienced attorney, and that $30.00 an hour was a fair fee given the circumstances of this case. It awarded plaintiff $5,052.00.

I.

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, provides in relevant part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Defendants contend that plaintiff cannot recover attorney's fees because EAHCA does not provide for them. This statute is the sole basis for the relief that plaintiff has ultimately won. Neither the District Court, nor this Court on appeal, found it necessary to reach claims raised by plaintiff under the Rehabilitation Act, 42 U.S.C. § 1983, or the Constitution itself. Defendants cite *Middlesex County Sewerage Au-*

---

**1.** The Hon. Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

thority v. National Sea Clammers Association, 453 U.S. 1, 101 S.Ct. 2615, 69 L. Ed.2d 435 (1981), and Pennhurst State School and Hospital v. Halderman, 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981), for the proposition that when a statute's remedies are sufficiently comprehensive they may preclude a 42 U.S.C. § 1983 action, and the ensuing right to attorney's fees under 42 U.S.C. § 1988. After the oral argument in this case, this Court, in Miener v. State of Missouri, 673 F.2d 969 (8th Cir. 1982), did hold that EAHCA creates a comprehensive remedial scheme, excluding a private right of action for damages, at least in most cases. We found it unnecessary to decide whether a § 1983 cause of action might be premised on EAHCA. Nor is it necessary to reach that question here. For even if EAHCA cannot be the basis for a § 1983 claim, it does not follow that plaintiff is entitled to no fee award in this case.

▮ Here, the complaint contained non-frivolous claims under § 1983 based on the Fourteenth Amendment as well as on EAH-CA. These claims were in part bottomed on the same theory as plaintiff's successful EAHCA claim—that an employee of the state's education agency could not be truly impartial, because as hearing officer he would be acting, in effect, as judge in his own cause. Substantially the same effort was expended by plaintiff's attorney as would have been required if the complaint had pleaded only a constitutional theory. The theory on which plaintiff did prevail (EAHCA) is so intertwined with those (§ 1983, the Constitution, and the Rehabilitation Act) that the courts did not need to

2.  If the above were not the rule, parties seeking attorney's fees would have to litigate difficult constitutional issues, even if the case could be disposed of on the basis of a simple statutory claim. This kind of litigation might unnecessarily increase the amount of time expended by lawyers, and courts might have to adjudicate constitutional claims which they are normally reluctant to address. Kimbrough v. Arkansas Activities Association, supra, 574 F.2d at 426.

3.  The Supreme Court has not ruled squarely on this issue, but it has made statements that support our reasoning. In Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980),

reach, that it is simply impractical to segregate the time spent by the attorney and denominate a certain amount of it as exclusively related to EAHCA and therefore ineligible for a fee award. In this situation, attorney's fees are awardable to plaintiff, even though the case had been decided on grounds for which an award of fees is normally improper. See Oldham v. Ehrlich, 617 F.2d 163 (8th Cir. 1980); Brown v. Bathke, 588 F.2d 634 (8th Cir. 1978); Kimbrough v. Arkansas Activities Association, 574 F.2d 423 (8th Cir. 1978).[2] "Attorney's fees for a claim which is reasonably calculated to advance a client's interests should not ... be denied solely because that claim did not provide the precise basis for the relief granted." Brown v. Bathke, supra, 588 F.2d at 637.[3] (Footnote omitted).

## II.

Counsel for the plaintiff contends that the District Court abused its discretion by awarding him only $5,052.00 in attorney's fees. He filed time sheets indicating that he expended 218.5 hours on this case, and requested that he be compensated at $40.00 an hour, totaling $8,740.00 in attorney's fees. There is, however, no absolute gauge of what constitutes proper attorney's fees. "[I]n determining attorney's fees, the district court should ordinarily award the number of hours claimed, multiplied by the attorney's regular hourly rate. If, however, the district court finds that a lesser amount is appropriate, it may reduce the award, provided that the court states its reasons for so doing." Ladies Center, Nebraska, Inc. v. Thone, 645 F.2d 645, 647 (8th Cir. 1981).

it held that a plaintiff is a "prevailing party" within the meaning of § 1988 if she prevails through settlement rather than litigation. It noted that "[n]othing in the language of § 1988 conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated." Maher v. Gagne, supra, at 129, 100 S.Ct. at 2574.

Since, in this case, § 1983 provides plaintiff with a remedy for the claimed violation of her constitutional rights, it is not necessary for us to determine whether it provides a remedy for a violation of the Rehabilitation Act.

The District Court did not abuse its discretion in awarding only $5,052.00. The Court noted that the nature and length of the professional relationship with the client was not unusually burdensome and that this was a very desirable case. *Robert M. v. Benton*, No. C–79–4007, slip op. at 4 (N.D. Iowa, May 21, 1981). In the main, it grounded the size of the award on the following:

> [P]laintiff's attorney did not have any past experience with such cases, in that when plaintiff's counsel became involved in this matter, he had just recently graduated from law school and could be termed "inexperienced." In fact, the Court concludes plaintiff's counsel became "experienced" and learned from the proceedings in this matter. For this reason, the Court is of the opinion that plaintiff's attorney spent what this Court believes to be time educating himself, which is commendable, but which should not be charged to the defendant.

*Robert M. v. Benton, supra,* at 3–4. It also found that the award would further the purpose of 42 U.S.C. § 1988; it was large enough to assure that similarly situated indigent people would be able to secure competent counsel. The questions of how much time was reasonably necessary in the client's interest, and what hourly rate is appropriate, are peculiarly within the competence of the district courts, which are intimately familiar with their respective bars. The judgment of the District Court is affirmed.