# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

### Nos. 97-2247NE, 97-2251NE, 97-4039NE
_____

|  |  |  |
|---|---|---|
| _____ | * |  |
|  | * |  |
| No. 97-2247NE | * |  |
| _____ | * |  |
|  | * |  |
| National American Insurance Company, | * |  |
| a Nebraska Corporation, | * |  |
|  | * |  |
| Plaintiffs - Appellees, | * |  |
|  | * |  |
| Timothy J. Hall, Director of the | * |  |
| Nebraska Department of Insurance, | * |  |
|  | * | On Appeal from the United |
| Intervenor Below - Appellee, | * | States District Court |
|  | * | for the District of |
| v. | * | Nebraska. |
|  | * |  |
|  | * |  |
| CenTra, Inc., a Delaware Corporation; | * |  |
| Can-Am Investments Limited, a | * |  |
| Bahamian Corporation; Ammex, Inc., | * |  |
| a Michigan Corporation; DuraRock | * |  |
| Underwriters, Ltd., a Barbados | * |  |
| Registered Corporation; Manual J. | * |  |
| Moroun, an individual; Manual J. | * |  |
| Moroun, Custodian of the Manual J. | * |  |
| Moroun Trust for the Benefit of | * |  |
| Matthew T. Moroun, | * |  |
|  | * |  |
| Defendants - Appellants, | * |  |

Agnes A. Moroun, an individual;    *
Agnes A. Moroun, Trustee for the    *
M.J. Moroun Irrevocable Trust for    *
Matthew T. Moroun; Dean Witter    *
Trust, Inc., a Corporation,    *
   *
        Defendants.    *
   *
   *
   *
   *
_____    *
   *
No. 97-2251NE    *
_____    *
   *
National American Insurance Company,    *
a Nebraska Corporation,    *
   *
        Plaintiff - Appellee,    *
   *
Timothy J. Hall, Director of the    *
Nebraska Department of Insurance,    *
   *    On Appeal from the United
        Intervenor Below - Appellee,    *    States District Court
   *    for the District of
        v.    *    Nebraska.
   *
   *
CenTra, Inc., a Delaware Corporation;    *
Can-Am Investments Limited, a    *
Bahamian Corporation; Ammex,    *
Inc., a Michigan Corporation; DuraRock    *
Underwriters, Ltd., a Barbados    *
Registered Corporation; Manual J.    *
Moroun, an individual; Manuel J.    *
Moroun, Custodian of the Manual J.    *
Moroun Trust for the Benefit of    *

Matthew T. Moroun,                          *
                                            *
        Defendants,                         *
                                            *
Agnes A. Moroun, an individual;             *
Agnes A. Moroun, Trustee for the            *
M.J. Moroun Irrevocable Trust for           *
Matthew T. Moroun,                          *
                                            *
        Defendants - Appellants,            *
                                            *
Dean Witter Trust, Inc., a Corporation,     *
                                            *
        Defendant.                          *
                                            *
        _____                       *
                                            *
        No. 97-4039NE                        *
                                            *
        _____                       *
                                            *
National American Insurance Company,        *
a Nebraska Corporation,                     *
                                            *
        Plaintiffs - Appellees,             *
                                            *
Timothy J. Hall, Director of the            *   On Appeal from the United
Nebraska Department of Insurance,           *   States District Court
                                            *   for the District of
        Intervenor Below - Appellee,        *   Nebraska.
                                            *
        v.                                  *
                                            *
                                            *
CenTra, Inc., a Delaware Corporation;       *
Can-Am Investments Limited, a               *
Bahamian Corporation; Ammex,                *
Inc., a Michigan Corporation; DuraRock      *

-3-

Underwriters, Ltd., a Barbados          *
Registered Corporation; Manual J.       *
Moroun, an individual; Manual J.        *
Moroun, Custodian of the Manual J.      *
Moroun Trust for the Benefit of         *
Matthew T. Moroun,                      *
                                        *
    Defendants - Appellants,          *
                                        *
Agnes A. Moroun, an individual;         *
Agnes A. Moroun, Trustee for the        *
M.J. Moroun Irrevocable Trust for       *
Matthew T. Moroun; Dean Witter          *
Trust, Inc., a Corporation,             *
                                        *
    Defendants.                       *

_____

Submitted: April 13, 1998

Filed: July 29, 1998

_____

Before RICHARD S. ARNOLD,[1] Chief Judge, LOKEN and MORRIS SHEPPARD
    ARNOLD, Circuit Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

National American Insurance Company (NAICO) and the Director of the
Nebraska Department of Insurance sued CenTra, Inc., Can-Am Investments, Ltd.,
Ammex, Inc., DuraRock Underwriters, Ltd., and Manuel Moroun ("the CenTra

_____

[1]The Hon. Richard S. Arnold stepped down as Chief Judge of the United States
Court of Appeals for the Eighth Circuit at the close of business on April 17, 1998. He
has been succeeded by the Hon. Pasco M. Bowman II.

defendants"), and Agnes Moroun, under the Nebraska Insurance Holding Company System Act (NIHCSA). They alleged that the CenTra defendants had violated the NIHCSA in their attempt to acquire control of NAICO's parent company, Chandler Insurance Company, Ltd. (Chandler). On summary judgment, the Court found that the CenTra defendants had violated the NIHCSA and ordered divestiture of their Chandler holdings. The CenTra defendants and Agnes Moroun appeal. We affirm.

I.

The NIHCSA, Neb. Rev. Stat. §§ 44-2120 et seq. (1993), regulates control of insurance companies. "Control" is presumed when any entity, "directly or indirectly, owns, controls, holds with the power to vote, or holds proxies representing ten percent or more of the voting securities" of an insurer. Neb. Rev. Stat. § 44-2121(2). The statutory presumption can be rebutted by showing that control does not in fact exist, through the filing of a disclaimer, which the Director of Insurance may then disallow. Neb. Rev. Stat. § 44-2132(11).

A party who has not disclaimed control must file an application with the Department of Insurance for prior approval of a transaction that would result in control. Neb. Rev. Stat. § 44-2126(1). The filing, known as a Form A, requires information about the acquiring party and the transaction, and other information "necessary or appropriate for the protection of policyholders of the insurer or in the public interest." Neb. Rev. Stat. § 44-2126(3)(*l*).

Upon a Form A filing, the Director makes a determination of the applicant's fitness to control the insurer, considering factors such as the financial condition of the acquiring party; its plans to make any "material change in its business or corporate structure of management"; "the competence, experience, and integrity of those persons who would control the operation of the insurer"; and the proposed acquisition's risks to the public. Neb. Rev. Stat. § 44-2127(1).

-5-

Failure to file an application for prior approval of control is a violation of NIHCSA, as is "effectuat[ing] or attempt[ing] to effectuate an acquisition of control of or merger with a domestic insurer unless the director has given his or her approval hereto." Neb. Rev. Stat. § 44-2129(2). For relief, the statute provides that "the district court of Lancaster County may, on such notice as the court deems appropriate, upon the application of the insurer or the director seize or sequester any voting securities of the insurer owned directly or indirectly by such person and issue such order with respect thereto as may be appropriate to effectuate the act." Neb. Rev. Stat. § 44-2142.

II.

NAICO is an insurance company authorized to write property and casualty insurance in Nebraska. It is owned ultimately by Chandler Insurance Company, Ltd. Both NAICO and Chandler are "domestic insurers" subject to the NIHCSA. CenTra is a holding company in the business of motor freight transportation. The other defendant corporations -- Can-Am, Ammex, and DuraRock -- are subsidiary and related entities of CenTra. Manuel Moroun is the president or CEO of each of these corporations, as well as their principal shareholder. Agnes Moroun, his sister, is a director and officer of CenTra and a shareholder in the other corporations as well.

In 1987, NAICO began providing insurance to CenTra and its affiliates. CenTra began buying NAICO-related stock, resulting by 1989 in more than a ten-percent interest in Chandler. NAICO filed a disclaimer of control on CenTra's behalf, explaining as one reason why control should not be presumed at that time, that "[b]y agreement, CenTra and its affiliates are precluded from owning more than 24% of the outstanding stock of Chandler." J.A. at 928.

In 1991, Chandler's management decided to take the corporation private. The CenTra defendants opposed this decision and, in June 1992, contacted the Department of Insurance for advice on acquiring additional Chandler stock to block the takeover.

The Department explained that "any expansion of CenTra's current holdings would require either a Form A . . . or a disclaimer of control rebutting the presumption . . . filed with the Department for approval prior to the new proposed transaction occurring." J.A. at 784. Upon learning that CenTra was "nevertheless . . . attempting to acquire control over NAICO," the Department ordered it "to immediately CEASE and DESIST from engaging in any further [such] conduct . . . unless and until . . . the Director has approved such acquisition . . .." J.A. at 786-87. On July 8, CenTra authorized its broker to buy up to 1,800,000 shares of Chandler and formed Can-Am for the purpose of holding such acquisitions. On July 9, it filed a Form A with the Department. Despite another cease-and-desist order from the Department, by July 13 the CenTra defendants had bought 1,441,700 shares in Chandler, to be held in trust for Can-Am. Additionally, they purchased 550,329 shares from private entities. In total, they then held 49.2% of Chandler's stock. On July 13, they filed a disclaimer of control.

On July 22, the Department issued an order prohibiting the CenTra defendants and Agnes Moroun from purchasing additional Chandler stock, and from transferring or voting any Chandler stock purchased after December 31, 1991. J.A. at 887. At a preliminary hearing, the Department dismissed the disclaimer filing, choosing to "focus on the merits of the filing, itself, as a Form A changing control filing." J.A. at 762. In October, following another Form A filing by the CenTra defendants, the Director held a five-day hearing on the CenTra defendants' fitness to control NAICO. He denied their application because of concerns about the corporations' financial condition and competency, and the effects on the public interest. He extended the prohibition on disposition of the shares until a hearing could be held to address the matter. The Director later expanded the prohibition to cover all Chandler stock owned by the defendants, regardless of the date of acquisition. The Department's decision was ultimately affirmed by the Nebraska Supreme Court. CenTra, Inc. v. Chandler Ins. Co., 248 Neb. 844, 540 N.W.2d 318 (1995).

In May 1995, the CenTra defendants and Agnes Moroun filed another Form A to control NAICO. This application was dismissed on grounds of res judicata and collateral estoppel, as well as lack of jurisdiction, due to the pending appeal of the Director's first decision. On October 4 and 5, Agnes Moroun and Can-Am separately notified the Department of their intention to transfer Can-Am's 1,441,700 Chandler shares to Ms. Moroun. The Department responded that "NO ACTION, TRANSFER, PURCHASE, SALE, ETC." should occur until it could review the matter the following week. J.A. at 598. The following Monday, Ms. Moroun informed the Department that she had bought the Chandler stock and that the transaction could not be undone.

NAICO then filed suit in a state court, requesting seizure and sequestration of the CenTra defendants' Chandler holdings, pursuant to the NIHCSA.[2] The defendants removed the case to the District Court. The Department of Insurance intervened as a plaintiff. In October 1995, the District Court[3] issued a temporary restraining order against transfer of the shares acquired in 1992 and ordered their deposit into the court registry. In orders issued in July 1996 and March 1997, it dismissed the defendants' affirmative defenses and counterclaims, found that the CenTra defendants had violated the NIHCSA, and ordered divestiture of all their Chandler stock, regardless of the date of acquisition. The Court also ordered the CenTra defendants to deposit in the court registry all Chandler stock remaining in their possession, pending this appeal.

III.

We address several procedural issues before turning to the merits of the appeal. First, NAICO and the Department contend that we do not have subject matter

---

[2]This suit was their second, a 1992 suit having been dismissed because the Department had granted the relief sought.

[3]The Hon. Warren K. Urbom, United States District Judge for the District of Nebraska.

-8-

jurisdiction to consider this appeal. The District Court found that divestiture was a proper remedy and directed the parties to "submit proposals for the orderly divestiture and disposition of the Chandler stock owned by the CenTra defendants . . .." Order at 15 (March 25, 1997). The order acted as an injunction to prevent the defendants from doing anything with their Chandler stock. Taking the "liberal . . . and more reasonable" view, preferred to the "strict and technical" one, we believe that the order was sufficiently final to support our jurisdiction under 28 U.S.C. § 1291. Forgay v. Conrad, 6 How. 201, 203 (1848). The Court's order adjudicated the CenTra defendants' right to their Chandler stock, and the parties' specific plans for divestiture would be "but a mode of executing the original decree." Id. Alternatively, subject matter jurisdiction would be proper under 28 U.S.C. § 1292(a), which provides for our jurisdiction over interlocutory orders of the district courts "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . .." See Robert M. v. Benton, 622 F.2d 370 (8th Cir. 1980) (if the district court granted "what amounts to an injunction," appellate jurisdiction is proper).

Second, we note that Agnes Moroun is bound by our decision only to the extent that she may not accept, without further regulatory action, the 1,441,700 Chandler shares that Can-Am and the other CenTra defendants unlawfully acquired. She is free to apply for control of NAICO under the NIHCSA. The District Court found that "her fitness to control NAICO has not been ruled on by the Department, nor has her alleged privity with the CenTra defendants . . .." Order at 15 (March 25, 1997). We agree that her fitness was adjudicated neither in 1992, her name having been removed from the one Form A filing on which she was initially included, nor in 1995, that filing having been dismissed without reaching the merits. The District Court was correct to exclude her from its order. We note the Court's clarification that "two things still stand as impediments to Agnes Moroun's acquisition of the stock at issue. First, her acquisition has not been approved by the Director pursuant to the NIHCSA. In addition, she voluntarily withdrew a disclaimer of control on January 5, 1996. Therefore, she is presumed to be a controlling person . . .. Second, the Director's order prohibiting the

disposition of the stock without his prior approval remains in effect."  Order at 12-13 (July 25, 1996).

Finally, the separate appeal of the CenTra defendants challenging the Court's 1997 order to deposit their pre-1992 Chandler holdings into the court registry is moot.  As they themselves recognize, "[the] issues, here, have limited significance separate and apart from the earlier appeals.  When the court decides the first appeal it may moot this one as the trial court's order requiring delivery of the stock, by its terms, purports to have a life that lasts only as long as appellate review of Nos. 97-2247 and 97-2551 requires."  Appellants' Br. in No. 97-4039 at 1-2.

IV.

We affirm the District Court's finding that the CenTra defendants violated the NIHCSA.  There was "no genuine issue as to any material fact" and, for the reasons set forth in the District Court's two opinions, NAICO and the Director were "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The facts critical to the Court's decision were undisputed: notwithstanding the Department of Insurance's clear directions to the contrary, the CenTra defendants purchased Chandler stock that constituted a controlling interest without the Department's prior approval.  As a matter of law, NIHCSA prohibits transactions resulting in control without the prior approval of the Department.  Therefore, the CenTra defendants violated the NIHCSA.  Further discovery would not have changed these facts, and the Court's denial of the CenTra defendants' discovery motions certainly was not a "gross abuse of discretion."  Bunting v. Sea Ray, Inc., 99 F.3d 887, 890 (8th Cir. 1996).

The CenTra defendants' arguments amount to an assertion that their violation of the law was justified by the alleged misconduct and bad motives of NAICO management.  See Appellants' Br. in Nos. 97-2247 and 97-2251 at 24-25.  They emphasize that they prevailed in separate litigation against NAICO on fraud, contract,

-10-

and fiduciary obligation theories. However, as the District Court noted, they "have not pointed to any statutory language, court ruling, or opinion of the Director that waives the Act's provision with respect to prior approval." Order at 9 (March 25, 1997). Rather, according to the terms of the statute, their concerns about NAICO management are irrelevant to the disposition of this appeal.

Other "facts" that they argue to be disputed are issues of law, which did not require trial. In particular, the CenTra defendants contend that the Court failed to determine "[w]hether Disclaimers filed by the CenTra Applicants in 1992 were approved by operation of law . . .." Appellants' Br. in Nos. 97-2247 and 97-2251 at 31. They argue that, because disclaimers are approved unless denied by the Director, Neb. Rev. Stat. § 44-2132(11), and the Director never denied theirs, their subsequent actions did not require his approval through a Form A proceeding. We find this argument disingenuous. The CenTra defendants filed their July 1992 disclaimer after a Form A application for control. At the July 22 hearing, the examiner stated: "I will make a ruling that your disclaimer filing has been dismissed. . . . We're not going to get into the collateral issues that are raised by the disclaimer in this proceeding. I don't see those as - as necessary- I think it's a waste of our time and distracts us from what the real issue is." J.A. at 645. Instead of objecting, the CenTra defendants proceeded with their Form A application, in effect abandoning their disclaimer of control. Any concerns they had about the authority of the hearing examiner to make that decision should have been raised at that time. As to the November 1992 disclaimer filing, the CenTra defendants' reliance is contradicted by their agreement to suspend disclaimer proceedings until further action, J.A. at 436, which never occurred.

IV.

We also affirm the District Court's remedy. The CenTra defendants argue that the NIHCSA does not authorize divestiture. However, the statute allows the Court not only to seize and sequester stock, but also to "issue such order with respect thereto as may be appropriate to effectuate the act." Neb. Rev. Stat. § 44-2142 (1993). As the District Court noted, seizure and sequestration are procedures that necessitate and imply a means of final disposition, such as divestiture. The Supreme Court of Nebraska, in this same case, has held that the remedial powers granted by NIHCSA are not limited to those it expressly enumerates, but rather should be construed broadly. CenTra, Inc. v. Chandler Ins. Co., 248 Neb. at 857-58, 540 N.W.2d at 329 ("[T]he director should not be impeded in his choices of remedy and protective measures by the enumerated powers of the Act. The importance of the director's duties as a watchdog for policyholders, and the fact that the director is the only watchdog whose authority can bind applicants, counsel in favor of a broad construction of the Act and the remedies provided therein.") (citation omitted).

Favoring a broad construction of the statute's remedies, we also conclude that the NIHCSA authorizes complete divestiture. The NIHCSA gives the court remedial power over "any voting securities of the insurer owned directly or indirectly by [the statute-violator]," Neb. Rev. Stat. § 44-2142 (1993) (emphasis added). It does not, on its face, limit a court's remedial power to only those securities whose acquisition constituted a violation of the statute. We decline to impose such a restriction.

The District Court did not abuse its discretion in fashioning complete divestiture as the appropriate remedy in this case. It considered the concerns set forth by the Supreme Court in United States v. E.I. du Pont de Nemours & Co., 366 U.S. 316 (1961): "1. The duty of giving complete and efficacious effect to the prohibitions of the statute; 2, the accomplishing of this result with as little injury as possible to the interest of the general public; and 3, a proper regard for the vast interests of private

property which may have become vested in many persons as a result of the acquisition either by way of stock ownership or otherwise . . . without any guilty knowledge or intent in any way to become actors or participants in the wrongs which we find . . . ." Id. at 327-28 (citation omitted). It found that divestiture was the only efficacious remedy; that the public interest would be served by divestiture; and that divestiture would not harm innocent individuals because "the CenTra defendants are closely held entities, intimately tied to the Moroun family." Order at 14 (March 25, 1997). In light of the CenTra defendants' "continued pattern or attempt . . . to maintain their holding and control over the Chandler stock," id. at 13, and the statute's purposes, the Court's findings, and its order, were not an abuse of its discretion.

The CenTra defendants make the technical argument that neither NAICO nor the Director of Insurance asked the Court for the remedy it granted. It is true that the statute states that "the district court of Lancaster County may . . . upon the application of the insurer or the director" issue remedial orders. Neb. Rev. Stat. § 44-2142 (1993). However, the record belies this argument. In its Petition to Seize or Sequester and for Temporary Relief before the District Court of Lancaster County, NAICO asked "[f]or an order seizing and/or sequestering all stock owned by the Defendants pending the decision of the Nebraska Supreme Court and thereafter to issue such orders as are necessary with respect thereto as may be appropriate to effectuate the intention of the Nebraska Insurance Holding Company System Act . . . ." J.A. at 15. Further, NAICO's and the Department's separate motions for partial summary judgment each requested "an order holding that complete divestiture of all of Defendants' Chandler stock is necessary . . . ." J.A. at 256, 478.

The CenTra defendants also argue that the remedy is inappropriate because their Chandler shares had been disenfranchised by operation of NAICO's corporate bylaws. However, the statute does not support their contention that control requires active voting rights. Rather, the statute provides that: "Control . . . shall mean the possession, direct or indirect, of the power to direct or cause the direction of the

management and policies of a person, whether through the ownership of voting securities . . . or otherwise . . .." Neb. Rev. Stat. § 44-2121(2).

We therefore affirm the orders of the District Court, except for the order directing the deposit of shares in the registry of the Court pending this appeal, as to which the appeal is dismissed as moot.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.