Barbara Jean BROWN,

v.

Robert BATHKE, as Principal of Monroe Junior High School; Owen Knutzen, Superintendent of the Omaha Public Schools, Ron Anderson, Assistant Superintendent for Staff Personnel Services, Omaha Public Schools, Paul Kennedy, President of the Board of Education of the School District of Omaha, John Barnhart, Vice-President of the Board of Education of the School District of Omaha, Dorothy Beaver, Charles Peters, Richard O'Brien, R. F. Jenkins, Helen Frank, Tim Rouse, Donald Cunningham, Al Bergman, Ruth Thomas and Leo Hoffman, Members of the Board of Education of the School District of Omaha, Individually and in their official capacities, Appellees.

Clyde A. Christian, Appellant.

No. 78–1186.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1978.

Decided Dec. 13, 1978.

Clyde A. Christian (on brief), Shrout, Christian, Krieger & Merwald, Omaha, Neb., argued, for appellant.

Ronald C. Jensen of Baird, Holm, McEachen, Pedersen, Hamann & Haggart, Omaha, Neb. (argued), and Alex M. Clarke, Omaha, Neb., on brief, for appellees.

Before HEANEY and STEPHENSON, Circuit Judges, and HANSON,* Senior District Judge.

HEANEY, Circuit Judge.

Barbara Jean Brown appeals from an order of the District Court, awarding Brown attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. Brown contends that the District Court erred in two respects: first, by awarding Brown fees for only that time spent by Brown's counsel on that issue on which Brown ultimately prevailed; and, second, by failing to fully compensate Brown for time which her counsel spent in related proceedings before a state administrative agency and in state court. We affirm in part and reverse in part.

Brown, a former teacher at Monroe Junior High School in Omaha, Nebraska, brought this action under 42 U.S.C. § 1983 against various school officials, challenging her discharge prior to the expiration of her one-year teaching contract. Brown was discharged after school officials discovered that she, a single woman, had become pregnant. Brown claimed that her discharge, and the defendants' refusal to renew her contract for the following school year, violated her constitutional rights to privacy, to equal protection of the law and to substantive and procedural due process of law. She requested reinstatement, lost wages, $25,000 in damages, the expungement of any derogatory material relating to her dismissal which was in her personnel file, costs and attorney's fees. Brown also challenged the constitutionality of Neb.Rev.Stat. § 79–1260(5) (1976), which had been cited by the

* WILLIAM C. HANSON, United States Senior District Judge for the Southern District of Iowa, sitting by designation.

School Board as authority for her dismissal. She requested the convening of a three-judge court for the purpose of declaring the statute unconstitutional and enjoining its enforcement.

The District Court denied Brown all relief. *Brown v. Bathke,* 416 F.Supp. 1194 (D.Neb.1976). On appeal, this Court held that Brown's dismissal during the term of her contract had not been in accordance with the requirements of procedural due process. We ordered the School Board to pay her the balance of her salary which was due under the contract, and to expunge any derogatory material from her personnel records. *Brown v. Bathke,* 566 F.2d 588, 592–593 (8th Cir. 1977). We noted that the circumstances surrounding Brown's discharge "implicate substantive due process considerations." *Id.* at 593. We held that under the facts of the case, there was no need to reach the question as to whether the nonrenewal of Brown's contract was based on constitutionally impermissible reasons. *Id.* at 591. Since the School Board had abandoned the challenged statute as grounds for Brown's dismissal, we declined to address its alleged unconstitutionality. *Id.* Brown was awarded $1,500 for attorney's fees for the appellate phase of the case, together with taxable costs. The cause was remanded for an award of attorney's fees for the District Court phase of the case. *Id.* at 593.[1]

On remand, the District Court held that since Brown "failed on all issues but one and obtained only a minor part of the relief she sought," she should be awarded attorney's fees for only that time properly attributable to that issue. The court estimated that of the 174.0 hours claimed by Brown's counsel for federal trial work, only 57.75 hours were "spent on the issue of whether there was a fair hearing before the [B]oard of [E]ducation," the sole issue on which Brown, in the court's opinion, had prevailed.[2] The court also awarded Brown $1,200 for 74.5 hours spent in proceedings before the Nebraska Equal Opportunity Commission and in Nebraska state court, prior to the filing of the federal suit. The court held that "[w]hile it is true * * * that the preparation for those hearings was of some value in the federal court proceedings, much less than the full value of all the services rendered in direct connection with those earlier state procedures is properly awardable at the federal level."[3]

By attempting to compensate Brown for only those services of her attorney which were expended on that narrow issue on which she ultimately prevailed, the District Court misapprehended the liberal standard under which Congress intended that fee awards under the Act be made. *See Wharton v. Knefel,* 562 F.2d 550, 557 (8th Cir. 1977). The Senate Report which accompanied the bill which was ultimately enacted into law,[4] discussed the general standards which are to govern the making of such awards:

> It is intended that the amount of fees awarded under S. 2278 be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases and not be reduced because the rights involved may

---

1. Judge Bright wrote the opinion of the Court, with Judge Miller concurring in the result. In Judge Miller's view, the decision could properly have rested on the basis of invidious discrimination by reason of sex. *Brown v. Bathke,* 566 F.2d 588, 593 (8th Cir. 1977). Judge Matthes dissented.

2. The District Court also deducted eleven hours from the total number of hours claimed, since these hours were spent after Brown had filed her notice of appeal, and thus presumably were included in the award of appellate fees made by this Court. Brown does not challenge the deduction of these hours.

3. The District Court's award for federal trial work was based on an hourly rate of $60.00, which is identical to that requested by Brown. Apart from the hours which were disallowed because they were spent on non-prevailing issues, and those which were disallowed because they were previously compensated by this Court, *see* n.2, *supra,* no other basis for the disallowance of hours claimed by Brown's counsel for federal trial work appears in the District Court's memorandum which accompanied the award.

4. S. 2278, 94th Cong., 2d Sess. (1976).

be nonpecuniary in nature. The appropriate standards, see *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974), are correctly applied in such cases as *Stanford Daily v. Zurcher,* 64 F.R.D. 680 (N.D.Cal.1974); *Davis v. County of Los Angeles,* 8 E.P.D. ¶ 9444 (C.D.Cal. 1974); and *Swann v. Charlotte-Mecklenburg Board of Education,* 66 F.R.D. 483 (W.D.N.C.1975). These cases have resulted in fees which are adequate to attract competent counsel, but which do not produce windfalls to attorneys. *In computing the fee, counsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, "for all time reasonably expended on a matter." Davis, supra; Stanford Daily, supra* at 684.

S.Rep.No.94–1011, 94th Cong., 2d Sess. 6 (1976), *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 5908, 5913 (emphasis added).

In *Davis v. County of Los Angeles,* 8 E.P.D. ¶ 9444 (C.D.Cal.1974), quoted with approval by the Senate Committee, the court, in discussing what time should be considered to have been "reasonably expended on a matter," addressed the precise issue with which we are now faced:

> It also is not legally relevant that plaintiffs' counsel expended a certain limited amount of time pursuing certain issues of fact and law that ultimately did not become litigated issues in the case or upon which plaintiffs ultimately did not prevail. Since plaintiffs prevailed on the merits and achieved excellent results for the represented class, plaintiffs' counsel are entitled to an award of fees for all time reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter.

*Id.* at 5049. *See also Smith v. Fletcher,* 559 F.2d 1014, 1018 n.9 (5th Cir. 1977); *Aumiller v. University of Delaware,* 455 F.Supp. 676, 682 (D.Del.1978); *Richardson v. Civil Serv. Com'n of State of N.Y.,* 449 F.Supp. 10, 11–12 (S.D.N.Y.1978); *White v. Beal,* 447 F.Supp. 788, 797 (E.D.Pa.1978); *Stanford Daily v. Zurcher,* 64 F.R.D. 680, 684 (N.D.Cal.1974), *aff'd,* 550 F.2d 464 (9th Cir. 1977), *rev'd on other grounds,* 434 U.S. 816, 98 S.Ct. 52, 56 L.Ed.2d 525 (1978).

Consideration of the results obtained is, of course, one factor which may be considered in setting the amount of an award to a prevailing party under the Act. *See Firefighters Institute, etc., v. City of St. Louis,* 549 F.2d 506, 516 (8th Cir.), *cert. denied,* 434 U.S. 819, 98 S.Ct. 60, 54 L.Ed.2d 76 (1977), citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (5th Cir. 1974). This factor should not, however, be given such weight that it reduces the fee awarded to a prevailing party below the "reasonable attorney's fee" authorized by the Act. Issues which are clearly frivolous, or "manufactured," do not represent time which has been "reasonably expended on a matter" and, thus, any time claimed for them can be properly disregarded by the court. *See Locklin v. Day-Glo Color Corporation,* 429 F.2d 873, 879 (7th Cir. 1970), *cert. denied,* 400 U.S. 1020, 91 S.Ct. 584, 27 L.Ed.2d 632 (1971); *Aumiller v. University of Delaware, supra* at 682; *Richardson v. Civil Serv. Com'n of State of N.Y., supra* at 11–12; *White v. Beal, supra* at 797; *Stanford Daily v. Zurcher, supra* at 684. Attorney's fees for a claim which is reasonably calculated to advance a client's interests should not, however, be denied solely because that claim did not provide the precise basis for the relief granted.[5] *Stanford Daily v. Zurcher, supra* at 684.

**5.** The mechanical division of claimed hours into those expended on issues on which the plaintiff ultimately prevailed and those expended on issues on which the plaintiff did not, with compensation given only for the former, ignores the interrelated nature of many prevailing and nonprevailing claims. *See, e. g., Smith v. Fletcher,* 559 F.2d 1014, 1018 n.9 (5th Cir. 1977). Indeed, it is often difficult to characterize claims in one way or the other, particularly when the claims are constitutional ones which the court deliberately chose not to reach. Under such circumstances, it would seem to be manifestly unfair to penalize plaintiffs who couple their constitutional claims with meritorious nonconstitutional claims, and who thereby facilitate

■ Although our grant of relief to Brown was based on the denial of her right to procedural due process of law, that fact alone does not indicate that the other grounds for relief which she advanced were frivolous. Indeed, Judge Bright, writing for the Court, noted that the circumstances which surrounded her dismissal implicated substantive due process considerations, and Judge Miller's concurrence in the result reached by the Court rested on the basis that a showing of sex discrimination had been made. *See Brown v. Bathke, supra* at 593. Since Neb.Rev.Stat. § 79–1260(5) (1976) had been originally given by the School Board as the reason for Brown's discharge, and since this statute was not abandoned by the Board until after litigation had begun, *see id.* at 591, the challenges which Brown made to the constitutionality of the statute would also not appear to have been completely frivolous.

■ Brown's request for an award of attorney's fees for the litigation of these issues should have been considered by the District Court. We, therefore, remand this case to the District Court for a redetermination of the amount of fees to which Brown is entitled for federal trial work done by her attorney in this case. In making this determination, the District Court may consider, as one factor, the relief which Brown obtained in the case as a whole. *See Johnson v. Georgia Highway Express, Inc., supra* at 718. The court also, of course, remains free to determine the appropriate hourly rate to be paid to an attorney with the skill and experience of Brown's counsel, and to determine the number of hours which should be required to competently prepare for and try a case of this type. *Id.* at 717–719.

■ Brown also contends that the District Court erred in failing to award attorney's fees for all hours spent by her attorney in related proceedings before the Nebraska Equal Opportunity Commission and in Nebraska state court. The awarding of

attorney's fees to a prevailing party in a civil rights action for work done in other related proceedings lies in the sound discretion of the federal district court. *See Fischer v. Adams,* 572 F.2d 406, 409 (1st Cir. 1978); *Parker v. Califano,* 182 U.S.App.D.C. 322, 561 F.2d 320 (1977); *Johnson v. United States,* 554 F.2d 632 (4th Cir. 1977). We do not find the amount of the award made for these related proceedings to constitute an abuse of discretion.

Affirmed in part and reversed in part.

the federal policy of avoiding unnecessary constitutional decisionmaking, by flatly refusing any compensation for claims not reached be-

cause, as to those claims, they have not "prevailed." *See Southeast Legal Defense Group v. Adams,* 436 F.Supp. 891, 895 (D.Or.1977).