Joan M. JOHNSON, Plaintiff-Appellant,

v.

NORDSTROM–LARPENTEUR AGENCY,
INC., Defendant-Appellee.

No. 79–1770.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1980.

Decided June 13, 1980.

Rehearing and Rehearing, En Banc
Denied July 17, 1980.

William H. Pickett, Kansas City, Mo., for plaintiff-appellant.

David A. Ranheim, Dorsey, Windhorst, Hannaford, Whitney & Halladay, Minneapolis, Minn., for defendant-appellee.

Before HENLEY and McMILLIAN, Circuit Judges, and HARPER,* Senior District Judge.

HARPER, Senior District Judge.

Appellant, Joan M. Johnson, brought suit against appellee, Nordstrom-Larpenteur Agency, Inc., in two counts, Count I alleging discrimination under Title VII, 1964 Civil Rights Act, as amended 42 U.S.C. §§ 2000e et seq., and Count II alleging discrimination under the Equal Pay Act of 1963, 29 U.S.C. § 206(d). Appellee counterclaimed for monies it alleged was owed to it by the appellant. At trial appellant amended her complaint alleging retaliatory discharge under the Fair Labor Standards Act, 29 U.S.C. § 215(a)(2) and (3).

At the close of trial, the district court dismissed appellant's allegation of retaliatory discharge under 29 U.S.C. § 215(a)(2) and (3). The court held for appellant under Count I for discrimination against her with respect to pay because of her sex in violation of 42 U.S.C. § 2000e–2(a) for only the period from November 1, 1974, to April 10, 1975, and awarded her $4,422.00 as damages, against appellant under Count I in all other respects, against appellant on Count II, and for appellee on its counterclaim for the sum of $1,922.68.

A timely appeal was made by appellant, raising four issues: (1) The district court erred in failing to find a violation of the Equal Pay Act, (2) the court erred in failing to find that appellant was constructively discharged from her employment, (3) the court erred in failing to find a violation under Title VII of the Civil Rights Act of 1964 from June 19, 1972, until November 1, 1974, and (4) the court erred in denying appellant reasonable attorney's fees and costs as a prevailing party.

Appellant, a white female, began working in the Kansas City office of appellee on June 19, 1972, as a sales assistant. Appellee is an insurance agency that has two primary functions, selling insurance policies to clients and marketing the policies to insurance companies willing to underwrite the risk.

Although appellant's job title was that of sales assistant, her initial duties consisted mainly of assisting the marketing manager, Roy Wolfe. In February of 1973 appellant was reassigned to the sales area.

In November of 1974 Wolfe moved to Dallas as part of a company-wide restructuring of the marketing function. When Wolfe left, a substantial part of his job was also transferred out of the Kansas City office.

Appellant was promoted, on a probationary basis, to marketing manager of the Kansas City office. Her salary was increased from $840.00 per month to $900.00, although George Higgins, the Kansas City branch manager, wrote a letter to Glenn Pearson, an executive of appellee, questioning whether "a girl" should be paid that much. Wolfe had been paid an annual salary of $20,800.00 plus $600.00 for expenses. Appellant was paid an annual salary of $10,800.00 with no expense account.

Appellant fell behind in processing her paperwork and because of the backlog on at least two occasions left appellee vulnerable to potential losses by failing to renew coverage of lapsing policies.

* The Honorable Roy W. Harper, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

Regional marketing manager, Raymond Williams, visited the Kansas City office on March 27, 1975, to review appellant's job problems. He concluded that appellant's inability to organize had caused a serious backlog of paperwork and the resulting problems. Williams and Higgins agreed that appellant had not demonstrated the capability to handle the marketing manager job during her probationary period and that she would have to be terminated. Branch manager Higgins terminated appellant on April 10, 1975. Many of appellant's responsibilities were then absorbed by the sales assistants at the Kansas City office.

Ed O'Malley was hired on or about May 16, 1975, as an account executive. An account executive works in the sales area, with primary responsibility for servicing existing accounts.

Appellee's Kansas City office had approximately ninety percent of its apartment house coverage placed with the New Providence Corporation, when in late 1975 or early 1976 the New Providence Corporation announced that it would no longer write policies for that line of business. O'Malley was given the primary responsibility for finding other insurance companies with which to place these policies.

■ Appellant wishes this court to determine that the district court erred by failing to find that appellant's actual job requirements and performance were equal to O'Malley's job requirements and performance. The district court specifically found that the two jobs did not require substantially equal levels of skill, effort and responsibility under similar working conditions. This finding of fact may only be set aside if it is "clearly erroneous," Rule 52(a), Fed.R.Civ.P. "[A] finding of fact is only deemed clearly erroneous if it is not supported by substantial evidence, if it proceeds from an erroneous conception of the applicable law, or if on a consideration of the entire record the appellate court is left with the definite and firm conviction that a mistake has been made." *Southern Illinois Stone Co. v. Universal Engineering*, 592 F.2d 446, 451 (8th Cir. 1979). Upon a re-

view of the record we cannot say that the district court's finding is clearly erroneous. Since the district court found that the two jobs did not require equal skill, effort and responsibility, the court correctly determined that appellant had not proved that she was discriminated against within the meaning of § 206(d) of the Equal Pay Act of 1963.

■ Appellant raises the question of constructive discharge for the first time on appeal. The doctrine of constructive discharge is applied when an employer deliberately renders an employee's working conditions intolerable, thus forcing him to quit his job. *Muller v. United States Steel Corp.*, 509 F.2d 923, 929 (10th Cir.), *cert. denied*, 423 U.S. 825, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975). Appellee admits to terminating appellant's employment, which would seem to make resort to the doctrine of constructive discharge unnecessary. However, there is no need for the court to determine this issue because it is our policy to refuse to consider a question that was never presented to, or passed upon by the trial court. *Ludwig v. Marion Laboratories, Inc.*, 465 F.2d 114, 117 (8th Cir. 1972).

■ The third issue raised on appeal is the district court's failing to find that appellant was discriminated against from June 19, 1972, until November 1, 1974, under Title VII of the Civil Rights Act of 1964. Appellant argues that during this period her job duties were substantially similar to Wolfe's and that they actually performed the same work. The district court found that between June of 1972 and November of 1974 the responsibilities imposed upon and performed by appellant were substantially less than those of Wolfe and that he was paid a greater salary because his experience, training, education and job responsibilities far exceeded hers. The court's findings concerning the substantial disparity of job qualifications and responsibilities are not clearly erroneous.

■ The final point on appeal is that the court erred in denying appellant her reasonable attorney's fees and costs since she had prevailed under Count I. Section 2000e–5(k) provides that "in any action or

proceeding under this title [42 U.S.C. §§ 2000e *et seq.*] the court, in its discretion, may allow the prevailing party * * * a reasonable attorney's fee as part of the costs * * *." The district court ordered each party to bear its own costs, attorney's fees and disbursements, since each had prevailed on one or more of its claims. Attorney's fees are routinely awarded to a prevailing plaintiff in civil rights cases unless special circumstances render such an award unjust, *Mosby v. Webster College*, 563 F.2d 901, 905 (8th Cir. 1977). Appellee's success on its counterclaim for $1,922.68, representing various amounts that appellant owed to her former employer, does not constitute such special circumstances as to render an award of attorney's fees unjust.

In redetermining the amount of fees to which appellant's attorney is entitled, the district court may, on remand, take into account appellant's limited success including the fact that she recovered on only Count I, and on that count for only five and one-third months out of a period of thirty-three and two-thirds months. *In Re: Southwestern Bell Telephone Co.*, 602 F.2d 845, 850 n. 9 (8th Cir. 1979); *Equal Employment Opportunity v. Safeway Stores*, 597 F.2d 251, 253 (10th Cir. 1979); *Hughes v. Repko*, 578 F.2d 483, 487 (3d Cir. 1978); *Muscare v. Quinn*, 614 F.2d 577, 581 (7th Cir. 1980). But as this court noted in *Brown v. Bathke*, 588 F.2d 634 (8th Cir. 1978), the relief which appellant obtained is only one factor to be considered. *Id.* at 638. "Attorney's fees for a claim which is reasonably calculated to advance a client's interests should not * * * be denied solely because that claim did not provide the precise basis for the relief granted." *Id.* at 637. *See also Stanford Daily v. Zurcher*, 64 F.R.D. 680 (N.D. Cal. 1974), *aff'd*, 550 F.2d 464 (9th Cir. 1977), *rev'd on other grounds*, 434 U.S. 816, 98 S.Ct. 52, 54 L.Ed.2d 71 (1978).

Where each of the parties has prevailed on one or more of its claims, defense or counterclaims, the district court has broad discretion in taxing costs, *Cornwell Quality Tools Co. v. C. T. S. Company*, 446 F.2d 825, 833 (9th Cir.), *cert. denied*, 404 U.S. 1049, 92 S.Ct. 715, 30 L.Ed.2d 740 (1972). We cannot say that the district court abused its discretion in ordering each party to bear its own costs.

Accordingly, we affirm the district court's findings, conclusions and judgment in respect to appellant's claims of sex discrimination. We reverse the court's denial of attorney's fees and remand for a determination of attorney's fees consistent with this opinion.

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.