508 F.Supp. 171 (1981)
Nathaniel MOSLEY et al., Plaintiffs,
v.
GENERAL MOTORS CORPORATION et al., Defendants.
No. 72 C 551(2).
United States District Court, E. D. Missouri, E. D.
January 27, 1981.
Lee T. Lawless, Chackes & Hoare, St. Louis, Mo., for plaintiffs.
James McDaniel, Barnard & Baer, St. Louis, Mo., for General Motors Corp.
Morris J. Levin, Levin & Weinhaus, St. Louis, Mo., for Local 25.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court for an award of attorneys' fees. Plaintiffs prevailed in this Title VII action and are therefore entitled to such an award pursuant to 42 U.S.C. § 2000e-5(k).
The factors relevant to the determination of a reasonable attorneys' fee are set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). The analysis set forth therein has been approved for use in Title VII cases in this Circuit. Allen v. Amalgamated Transit Union, 554 F.2d 876 (8th Cir. 1977). Under this analysis, the attorneys' fee award should generally not be less than the reasonable number of hours worked times a reasonable hourly fee. Zoll v. Eastern Allamahee Community Sel. Dist., 588 F.2d 246 (8th Cir. 1978); Cleverly v. Western Electric Co., Inc., 594 F.2d 638 (8th Cir. 1979).
The parties herein have stipulated that a reasonable hourly fee for plaintiffs' counsel is fifty dollars ($50.00) per hour. Though this figure may be somewhat low for the senior members of the firm representing plaintiffs, considering the appropriate *172 fee for the lawyer who performed the bulk of the work for plaintiffs, this figure will be accepted. This conclusion is based on the experience and expertise of counsel, their reputation and ability, their customary fees, and awards in other cases.
Plaintiffs' attorneys spent approximately six hundred (600) hours in the handling of this litigation. Though plaintiffs were not successful on all issues at trial, they were successful in their major claim. Plaintiffs' attorneys are entitled to be compensated for all time reasonably spent in pursuit of the results ultimately obtained. Brown v. Bathke, 588 F.2d 634 (8th Cir. 1978); Crain v. City of Mountain Home, Ark., 611 F.2d 726 (8th Cir. 1979). The issues herein were interrelated; work on one issue necessarily aided the resolution of the other issues. This Court therefore believes that it is not appropriate to reduce the reasonable number of hours expended by plaintiffs' attorneys due to plaintiffs' lack of success on several issues. The only exception to this rule, however, is time spent on plaintiffs' claim against the defendant Union. Plaintiffs' attorneys admitted that, had these claims not been pursued, approximately forty (40) less hours would have been spent.
This Court therefore finds that a reasonable number of hours for the handling of this litigation is five hundred sixty (560) hours. This conclusion is reached after consideration of the actual time expended, the novelty and difficulty of the issues presented, and the results obtained. Plaintiffs will therefore be awarded twenty-eight thousand dollars ($28,000.00) as attorneys' fees.
This Court does not feel that the facts herein justify an enhancement of this basic fee. Though this case may well have been "undesirable" for attorneys to participate in, this "undesirability" was due as much to plaintiffs themselves and the difficulties of dealing with them as to the reaction of the community to efforts to eradicate discrimination. Johnson, supra at 719. Likewise, though the issues herein may have been novel and difficult, the work required of plaintiffs' attorneys on those issues was not such as to justify in excess of the normal fee.