Robert JONES, Sr., Irving Gaines, Viola Williams, Arbeck Williams, Jr., Thomas Jerrod, Charles Hampton, Harold Johnson, Leonard O'Neal, Dowayne Peterson, Henry Anderson, Jerry Trotter, Samuel Alfred, J. C. Waller, Hershel Watson, Arthur Moore, Vernon Ray Johnson, Emma Stewart and Maurice Shavers, Appellants,

v.

MacMILLAN BLOEDEL CONTAINERS, INC., Appellee.

No. 81–1188.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1981.

Decided June 10, 1982.

Rehearing and Rehearing En Banc Denied Aug. 13, 1982.

---

Thomas H. Barnard, argued, John E. Campion, Squire, Sanders & Dempsey, Cleveland, Ohio, for appellee MacMillan Bloedel Containers, Inc.

John W. Walker, Little Rock, Ark., Jack Greenberg, Ronald L. Ellis, argued, New York City, for appellants.

Before HEANEY and McMILLIAN, Circuit Judges, and REGAN,* Senior District Judge.

McMILLIAN, Circuit Judge.

Attorneys for Robert Jones, Sr., one of several plaintiffs below, appeal from the district court's award of attorney's fees in an employment discrimination case, claiming that the amount awarded was unreasonably low. Appellants argue that the district court (1) used an incorrect legal standard in determining the amount to be awarded and (2) inaccurately assessed the plaintiffs' degree of success on their claims. Appellants also argue that they are entitled to receive compensation for time spent in litigating the fee issue. For the reasons discussed below, we remand this case for further consideration by the district court regarding the amount of attorney's fees to be awarded.

The employment discrimination charge was originally brought as a class action against MacMillan Bloedel Containers, Inc. and its predecessor company, Hankins-MacMillan Container Co. Jones sought to represent a class of all black employees of or applicants for employment with MacMillan Bloedel Containers or its predecessor for the five years preceding the complaint and all black future employees. Jones requested declaratory and injunctive relief in addition to damages.

Later, Irving Gaines, another black employee, was added as a party plaintiff, and the company's motion for summary judgment, effectively dismissing Jones' claim for monetary relief and removing him as class representative, was granted. The

* The Honorable John K. Regan, United States Senior District Judge for the Eastern District of Missouri, sitting by designation.

class itself was subsequently denied certification, after which the court directed that Gaines' individual claims be tried. Twenty-two individuals then moved to intervene in the suit; nineteen were granted permission.

By the ninth day of trial all the claims, with the exception of those of one plaintiff, had been resolved. A consent decree was entered into and approved by the district court. The decree did not include a specific amount for attorney's fees; rather it provided that the district court would determine an amount if the parties could not agree on one. The parties could not agree. When the question was submitted to the district court the attorneys claimed that they were owed over $50,000 for their services. The district court first reduced the amount of the award to $25,000 because of the "limited nature of the relief obtained by the plaintiffs."[1] The plaintiffs' successes and losses were compared in arriving at this deduction; the district court cited *Johnson v. Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir.), *cert. denied*, 449 U.S. 1042, 101 S.Ct. 622, 66 L.Ed.2d 504 (1980), as authority for making this comparison. The district court also compared the amount of the attorney's fees award to the amount received by the plaintiffs, finding that "it would clearly be unreasonable to award attorney's fees of three to five times the amount received unless some additional relief was obtained."[2]

A further reduction from $25,000 to $17,000 was made because the district court believed that the attorneys spent more time conducting the trial than was actually necessary and their use of out-of-court time was not "as productive as it might have been."[3]

Appellants do not challenge the hourly rate used by the district court; they argue that the district court used an incorrect standard for determining the final amount and that the reductions were improper. They also request an additional amount to compensate them for work performed in litigating the attorney's fees issue, both in the district court and on appeal.

 It is our opinion that the amount of the attorney's fees award should be recalculated in view of *Brown v. Bathke*, 588 F.2d 634 (8th Cir. 1978). In *Bathke* we acknowledged that the degree of success achieved as a result of litigation is one factor to consider in assessing the amount of attorney's fees to be awarded a prevailing party[4] under the Civil Rights Attorney's Fees Awards Act of 1976,[5] 42 U.S.C. § 1988. *Id.* at 637. *See also Oldham v. Ehrlich*, 617 F.2d 163 (8th Cir. 1980); *Firefighters Institute of Racial Equality v. City of St. Louis*, 549 F.2d 506, 516 (8th Cir.), *cert. denied*, 434 U.S. 819, 98 S.Ct. 60, 54 L.Ed.2d 76 (1977). In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the time required to pursue the case and the size of the award of damages were listed as factors a court should consider in determining how much a prevailing party should be awarded in attorney's fees. *Id.* at 717–18.

However, none of these factors is controlling; none is to be given such weight that the resulting fees award fails to be reasonable as contemplated by the Act. *Brown v. Bathke*, 588 F.2d at 637; *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d at 718–20.

 The district court correctly considered the above-listed factors, but we believe the final award was not a "reasonable attorney's fee" as authorized by the Act. The district court held that it would be "unreasonable to award attorney's fees of three to five times the amount recovered unless some additional relief was obtain-

---

1. District court opinion at 10.

2. District court opinion at 9.

3. District court opinion at 11.

4. A party is no less a prevailing party because it achieves its goal by way of consent decree rather than judicial decision. *Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (per curiam).

5. Amended by the Equal Access to Justice Act, 5 U.S.C.A. § 504 (West.Supp.1981).

239

ed."[6] We think that in determining the amount of the fees award the district court overemphasized the relationship between the amount of the attorney's fees requested by the appellants and the monetary compensation received by the plaintiffs. While that relationship is a relevant consideration, it should not be given undue importance in calculating the attorney's fees award. Also, we note that there was additional relief obtained which was achieved in the form of the consent decree. As the district court observed, the plaintiffs' affirmative relief did "address many of the concerns expressed in the original complaint."[7] For these reasons, we remand the issue of attorney's fees for further consideration under the guidelines discussed in *Bathke*.

■ The attorneys for the plaintiffs have also requested an amount for services performed in litigating the attorney's fees claim in the district court and on appeal. In accordance with the practice of other circuits, we hold that the plaintiffs' attorneys are entitled to such compensation. "It would be inconsistent with the purpose of the Fees Act to dilute a fees award by refusing to compensate the attorney for the time reasonably spent in establishing and negotiating his rightful claim to the fee." *Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir. 1978). *See also Bond v. Stanton*, 630 F.2d 1231, 1235 (7th Cir. 1980); *Johnson v. Mississippi*, 606 F.2d 635, 637–39 (5th Cir. 1979); *Gagne v. Maher*, 594 F.2d 336, 343–44 (2d Cir. 1979), *aff'd*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Weisenberger v. Huecker*, 593 F.2d 49, 53–54 (6th Cir.), *cert. denied*, 444 U.S. 880, 100 S.Ct. 170, 62 L.Ed.2d 110 (1979); *Prandini v. National Tea Co.*, 585 F.2d 47, 53–54 (3d Cir. 1978); *Moten v. Bricklayers, Masons & Plasterers International Union*, 543 F.2d 224, 240 (D.C. Cir.1976) (per curiam); *Rosenfeld v. Southern Pacific Co.*, 519 F.2d 527, 530–31 (9th Cir. 1975) (per curiam) (summarily ordering amount for time spent on attorney's fees claim).

While the consent decree expressly provides that the attorneys will not receive compensation for time spent negotiating the attorney's fees award,[8] the plaintiffs' attorneys are to be awarded an amount in consideration of the time they have spent in litigating the issue.

Accordingly, we remand this case to the district court for further consideration.

---

**6.** District court opinion at 9.

**7.** District court opinion at 9.

