**Frank OGLESBY, Plaintiff,**

v.

**COCA–COLA BOTTLING COMPANY OF CHICAGO/WISCONSIN, Defendant.**

**No. 83 C 9372.**

United States District Court, N.D. Illinois, E.D.

Dec. 23, 1985.

---

**6.** See *McKnight v. SEPTA,* 583 F.2d 1229, 1236 (3d Cir.1978). Also, *Truhe v. Rupell, et al.,* 641   F.Supp. 57 (Judge Rambo, M.D.Pa.1985).

Joseph N. Armstrong, Chicago, Ill., for plaintiff.

Douglas A. Darch, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On October 29, 1985 this Court entered its memorandum opinion and order (the "Opinion") granting summary judgment in favor of Coca-Cola Bottling Company of Chicago/Wisconsin ("Coca-Cola"), thus rejecting the claims of race and age discrimination asserted by Frank Oglesby ("Oglesby"). Coca-Cola has now filed its bill of costs, and Oglesby has responded by objecting to any award at all. For the reasons stated in this memorandum opinion and order, no costs are awarded to either party.

■ Oglesby tends to lean too heavily on authorities elsewhere in asserting (Mem. 2):

There is a lack of consensus among the circuits as to the standard to be used in awarding costs to a prevailing party.

In *this* Circuit—at least until *Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237 (7th Cir.1985)—it has been painfully clear that this Court has *no* discretion to deny costs to a prevailing employer-defendant in an employment discrimination case absent special circumstances. Lack of frivolousness in the employee's action is not enough. *Delta Air Lines, Inc. v. Colbert,* 692 F.2d 489, 490–91 (7th Cir.1982).

*Hudson,* 758 F.2d at 1244 might be read as announcing (or at least suggesting) a new regime:

Finally, appellant argues that it is inequitable and would chill private actions for the enforcement of federal laws to impose costs against individuals and in favor of large corporations. Although one

district court has refused to allow costs based upon a similar argument, *Schaulis v. CTB/McGraw-Hill, Inc.,* 496 F.Supp. 666, 680 (N.D.Cal.1980), a general rule that disparate wherewithal alone would defeat a claim for costs would upset the dictates of rule 54(d) that costs be allowed "unless the court otherwise directs." This is the type of discretionary ruling to which appellate courts should give "virtually complete" deference. *See Piper Aircraft Corp. v. Wag-Aero, Inc.,* 741 F.2d 925, 937 (7th Cir.1984) (Posner, J., concurring). Furthermore, we note that the court in *Schaulis* based its refusal to award costs, in part, upon the fact that the case was vigorously litigated. Appellant cannot claim the same thing with respect to this case in light of the fact that the failure timely to file the case has precluded any court from ever addressing the merits of appellant's underlying claim. Consequently, we refuse to upset the district court's discretionary decision to reject appellant's equitable argument.

Those references to "discretionary ruling" and "'virtually complete' deference" have a particularly ironic ring to this Court, given the fact this Court had issued precisely such a "discretionary ruling" in *Delta Air Lines,* only to find that the "deference" by the Court of Appeals took the form of a decision that this Court's denial of costs in a vigorously-litigated many-week trial was an abuse of discretion.

■ It is not however necessary to determine whether the dictum in *Hudson* has in fact undone *Delta Air Lines* in that respect. Here special circumstances clearly call for a denial of costs to either party. As the Opinion reflects, Coca-Cola ultimately won the war, but Oglesby won two of the major legal battles. This Court had to devote as much space to the rejection of Coca-Cola's unsound legal arguments (Opinion at 10–20) as it did to the ultimate rejection of Oglesby's discrimination claims (Opinion at 21–31). Much of the discovery (all but a few dollars of the claimed costs are deposition expenses) related to the is-

sues on which Coca-Cola lost, as well as being generated by Coca-Cola's partial intransigence in the discovery process.[1]

According to the parties' submissions, Oglesby has already incurred and paid over $2,000 in deposition costs, while Coca-Cola seeks to tax Oglesby with just under $1,400 it has incurred in the same respect. As *Johnson v. Nordstrom-Larpenteur Agency, Inc.,* 623 F.2d 1279, 1282 (8th Cir.), *cert. denied,* 449 U.S. 1042, 101 S.Ct. 622, 66 L.Ed.2d 504 (1980) (citation omitted) put it:

> Where each of the parties has prevailed on one or more of its claims, defense or counterclaims, the district court has broad discretion in taxing costs.... We cannot say that the district court abused its discretion in ordering each party to bear its own costs.

Just as in that case, the situation here is particularly suited to leaving the burden of costs where it already rests. And nothing in *Delta Air Lines* (and certainly nothing in *Hudson* ) leads to a different conclusion.

Accordingly Coca-Cola's request for the taxation of costs against Oglesby is denied. Costs will not be awarded to either party.[2]

### APPENDIX 1

### ADDENDUM

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S REQUEST FOR THE AWARD OF ITS COSTS, Oglesby v. Coca-Cola, case No. 83–C–9372

On or about November 11, 1985, Messrs. Sullivan and Armstrong, attorneys for Defendant and Plaintiff respectively, met with Judge Shadur at which time he urged the parties to settle their differences regarding the amount of attorney's fees due Plaintiff's attorney as a results of the Court's Order issued April 1, 1985 pursuant to Fed. R.Civ.P, Rule 37(a)(4).

On or about December 5, 1985, Messrs. Darch and Armstrong spoke by telephone at which time Defendant agreed to pay the sum of $3200 in settlement fees. Mr. Darch elicited information as to whom and where the check should be sent.

After waiting two weeks for said check, Mr. Darch was contacted on December 19, 1985 at which time he indicated that a decision had been made to withhold $1,389.12 as an offset to its costs pending a ruling by the Court on its Bill of Costs.

Mr. Darch was informed that inasmuch as the attorney fees awarded were to have been paid over the plaintiff's attorney for his work on the Motion to Compel and given the length of time said award has been withheld by Defendant without the benefit of any interest accruing, Defendant should not withhold any monies because the sanctions imposed on defendant and Defendant's request for its costs are two separate issues.

Therefore it is requested that Defendant be ordered to immediately remit $3200 plus interest over to Plaintiff's attorney.

Respectfully submitted,
Joseph N. Armstrong

---

1. In part that intransigence resulted in the assessment of $3,200 in Oglesby's lawyer's fees against Coca-Cola. Astonishingly enough, Coca-Cola now seeks to foist on Oglesby, as part of its bill of costs, the court reporter's charge (albeit nominal) for preparing the transcript of the hearing on Oglesby's motion to compel—the hearing that found Coca-Cola culpable and liable for fees in the discovery process.

2. One additional point has been raised by Oglesby's response. It bespeaks a contempt for the process—and for the court—for Coca-Cola's counsel deliberately to have breached this Court's order as to attorney's fees on the dis-

covery matter, as the "Addendum" by Oglesby's attorney (Appendix 1 to this opinion) indicates. Coca-Cola's attorneys Sullivan and Darch are ordered:

    1. immediately to pay attorney Armstrong the entire $3,200 in fees (or the unpaid balance, if part has already been paid), and

    2. to show cause to this Court on or before January 2, 1986 why they should not be held in contempt of court for their self-help in having withheld payment pending this Court's determination of the independent issue of costs, dealt with in this opinion.