**IT IS HEREBY ORDERED** that defendant's motion to substitute is granted.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss is granted.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment is denied as moot.

**VIDEO SOFTWARE DEALERS ASSOCIATION, et al., Plaintiffs,**

v.

**William L. WEBSTER, et al., Defendants.**

No. 89–4353–CV–C–9.

United States District Court, W.D. Missouri, C.D.

March 31, 1993.

William T. Smith, III, Brian D. Williams, Watson, Ess, Marshall & Enggas, Kansas City, MO, for plaintiffs.

Michael L. Boicourt, Missouri Atty. General's Office, Richard G. Callahan, Jefferson City, MO, for defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' CLAIM FOR ADDITIONAL COSTS AND ATTORNEYS' FEES UNDER 42 U.S.C. § 1988

BARTLETT, District Judge.

On July 2, 1991, I granted plaintiffs' Motion for Summary Judgment and permanently enjoined the enforcement of certain provisions of Conference Committee Substitute for House Committee Substitute for House Bill No. 225, 85th General Assembly. *See*

*Video Software Dealers Association v. Webster,* 773 F.Supp. 1275 (W.D.Mo.1991), *aff'd,* 968 F.2d 684 (8th Cir.1992). At that time, I ordered plaintiffs to submit their claim for attorneys' fees and to support their claim with "an affidavit setting forth in detail the work for which compensation is being sought and the basis for the reasonableness for the hourly rates claimed." *Id.* at 1283.

In support of their original Motion for Award of Attorneys' Fees, plaintiffs filed on July 22, 1991, a 1½ page motion for fees (Doc. 41) and a 4½ page Declaration of James P. Mercurio, to which was attached a 13½ page Appendix detailing services rendered (Doc. 43). Mercurio is plaintiffs' lead counsel and is a partner in the Washington, D.C. law firm of Arent Fox Kintner Plotkin & Kahn (Arent Fox). On August 9, 1991, defendant filed its objections to plaintiffs' requested fees and costs (Doc. 46). On August 28, 1991, the parties filed a 6 page Joint Statement of Counsel pertaining to unresolved § 1988 factual and legal issues (Doc. 48).

After reviewing these documents, I ordered plaintiffs on October 16, 1991, to furnish further support for their request because the information presented failed to state adequately the basis for the claimed fees and costs.

On October 28, 1991, plaintiffs filed a two-page Supplemental Declaration of James P. Mercurio in support of plaintiffs' claim for attorneys' fees, to which was attached an incomprehensible 27 page computer printout and a one-page index of individuals frequently mentioned in the 27 page printout (Doc. 53). On December 6, 1991, defendants filed their objections to plaintiffs' supplemental claim for attorneys' fees (Doc. 55).

On December 16, 1991, plaintiffs filed a Motion for Extension of Time to Respond to Defendant's Objections and Suggestions in Support (Docs. 56, 57). On December 23, 1991, plaintiffs filed a 13 page Response to Objections to Plaintiffs' Claim for Costs, Including Attorneys' Fees, attached to which was a 17½ page Declaration of James P. Mercurio, together with six appendices analyzing items objected to by defendant, five appendices breaking down the time spent by attorney and category, one appendix reprint-

ing the Martindale–Hubbell Listing for each Arent Fox attorney who worked on the case, one appendix entitled "Billing Summary" which appears to be a computer printout of time entries and one appendix listing legal authorities (Doc. 58); and a 2½ page letter from Mercurio to me addressing a cost reimbursement issue raised by me.

Plaintiffs sought a total award for fees and costs of $135,737.48. On April 17, 1992, I issued an Order Granting in Part Plaintiffs' Claims for Costs, Including Attorneys' Fees. Plaintiffs were awarded $104,968.75 as a reasonable attorneys' fee plus $13,184.07 in out-of-pocket expenses for a total award of $118,152.82. Of those amounts, $99,055.25 in attorneys' fees plus $12,089.03 in expenses was awarded for work performed by Arent Fox, the remainder for work performed by local counsel.

■ Plaintiffs now move for an additional award of $30,199.93 in attorneys' fees and costs incurred in litigating plaintiffs' original motion for attorneys' fees and costs.

■ Plaintiffs are entitled to be compensated for services performed in litigating the attorneys' fee claim. *Jones v. MacMillan Bloedel Containers, Inc.*, 685 F.2d 236, 239 (8th Cir.1982). "It would be inconsistent with the purpose of the fees act to dilute a fees award by refusing to compensate the attorney for the time reasonably spent in establishing and negotiating his rightful claim to the fee." *Id.* (quoting *Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir.1978)).

■ Nevertheless, the district court has discretion to deny a plaintiff's second fee request in its entirety if the initial fee claims are exorbitant or the time devoted to presenting them is unnecessarily high. *Lund*, 587 F.2d at 77; *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir.1979); *Alberti v. Klevenhagen*, 896 F.2d 927, 937 (5th Cir.1990); *Muscare v. Quinn*, 680 F.2d 42, 45 (7th Cir.1982); *Kinney v. International Brotherhood of Electrical Workers*, 939 F.2d 690, 695 (9th Cir.1991); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 163, 110 S.Ct. 2316, 2321, 110 L.Ed.2d 134 (1990) ("Exorbitant, unfounded, or procedurally defective fee applications ... are matters that the district court can recognize and discount.").

■ A reasonable attorney's fee is one that is "adequate to attract competent counsel that does not produce windfalls to attorneys." *Blum v. Stenson*, 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). The proper method for determining a reasonable attorney's fee is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. The resulting product is presumed to be the reasonable fee to which counsel is entitled. *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

In support of their claim for additional attorneys' fees and costs, Mercurio provides the following information about the time spent and hourly rates charged for presenting the initial attorney fee application:

| Attorney | Time Spent | Hourly Rate |
|---|---|---|
| Charles B. Ruttenberg | 16.6 hours | $215 |
| James P. Mercurio | 41.4 hours | 260 |
| | 11.2 hours | 275 |
| Joyce L. Bartoo | 16.6 hours | 200 |
| David L. Kelleher | 16.9 hours | 190 |
| | 7.4 hours | 200 |
| Legal Assistants | | |
| Kristin M. Cook | 53.2 hours | 65 |
| Peter M. Rosenberg | 11.9 hours | 50 |
| Library Staff | .1 hour | 105 |

Mercurio states that the hourly rates charged are the rates customarily charged by Arent Fox for work performed by these attorneys and legal assistants. Furthermore, the time spent calculations are based upon

standardized reports that were submitted, at or near the time the work was performed, by the attorney or legal assistant who performed the work. These reports are and have been kept in the course of the regularly conducted business activity of Arent Fox, and it is and has been the regular practice of Arent Fox's business activity to make these reports.

Mercurio Declaration, ¶ 5.

Defendants argue that plaintiffs' claim for additional costs and fees should be denied because plaintiffs have already been extravagantly compensated for attorneys' fees and expenses for their work on this case. Defendants assert that the protracted nature of the original fee litigation was caused primarily by plaintiffs' incomplete and poorly documented submissions. Also, defendants urge that plaintiffs' claim for additional costs and fees is untimely. In the alternative, defendants argue that if plaintiffs are awarded additional fees, the amount awarded should be significantly less than the amount plaintiffs request. Defendants specifically object to any fees and expenses incurred in preparing the inadequate submissions. Defendants state that plaintiffs' use of four attorneys, one legal assistant, one project assistant and a librarian in the fee litigation was unreasonable and duplicative. Defendants argue that the amount requested by plaintiffs is inherently unreasonable. Defendants assert that they have not discovered a single case in which as much as $15,000 was requested for fee litigation.

Because of the nature of the issues raised by plaintiffs' First Amendment claims, I concluded (somewhat reluctantly) in ruling on the original fee request that using several different high-hourly-rate partners was not unreasonable. I was persuaded by plaintiffs' counsel that each partner had a different expertise, a different contribution to make. The duplication of effort which occurred was corrected by the reduction I ordered in the original fee request.

In support of their supplemental fee request, plaintiffs again seek reimbursement for the time of several partners. Four high-priced partners [1] each spent substantial time on the effort to recover fees and costs. Pursuing reimbursement of attorneys' fees and expenses usually does not involve and did not involve in this case issues justifying 110.1 hours of work by four high-priced partners (or three high-priced partners and a gold-plated associate, as the case may be). I am at a loss to figure out what these high-level partners needed to do for 110.1 hours after legal assistants spent 65.1 hours compiling the relevant information. If plaintiffs' counsel indeed had "standardized reports" of work done by the lawyers who had worked on the merits, as asserted by Mercurio, it is inconceivable that three or four partners had to spend time translating these reports into a form understandable to non-Arent Fox human beings. With complete, detailed time records kept as the work was done, preparation of the fee request would have been a task easily handled by an experienced associate and a competent paralegal working under the supervision of a partner.

Plaintiffs' counsel appear to view the Missouri treasury much as a tick views a dog—a warm, sheltered place to receive a free lunch (to say nothing of breakfast, supper and a midnight snack). Even at the hourly rate usually charged by Arent Fox, and even assuming a need to respond to defendants' objections to plaintiffs' additional request for

1. During the litigation of the substantive claims, David Kelleher was an associate whose work was billed at $150–$175 per hour. Because Kelleher's billing rate for work done on the original fee request was at a rate comparable to partners Ruttenberg and Bartoo, I assume that Kelleher had become a partner before or during the work on the fee request.

costs and fees, $10,000 would reasonably compensate plaintiffs for what their attorneys needed to do to get reimbursed.

Accordingly, it is ORDERED that:

1) plaintiffs' claim for additional costs and attorneys' fees under 42 U.S.C. § 1988 is granted in part and denied in part;

2) defendants shall pay plaintiffs $10,000 to reimburse them for their reasonable time and reasonable expenses incurred in pursuing their fee request; and

3) no further fees will be allowed in this case.