**Owen S. KNIGHT et al., Plaintiffs, Appellants,**

v.

**Rocco AUCIELLO et al., Defendants, Appellees.**

**No. 71–1108.**

United States Court of Appeals, First Circuit.

Heard Jan. 3, 1972.

Decided Jan. 17, 1972.

Michael Davidson, New York City, with whom Jack Greenberg, Sylvia Drew, New York City, and Gerald L. Nissenbaum, Somerville, Mass., were on brief, for appellants.

Appellees submitted on the original record.

Before ALDRICH, Chief Judge, McENTEE, Circuit Judge, and WYZANSKI, Senior District Judge.*

PER CURIAM.

The single question in this case is whether the district court erred in not awarding plaintiffs counsel fees, in addition to damages, for unlawful racial discrimination by using a knowingly false pretext in refusing to lease an apartment. 42 U.S.C. § 1982. By the time the case had reached trial and plaintiffs had proved their case they already had found another, satisfactory apartment, and hence disclaimed injunctive relief. The court awarded $500 by way of general damages, but refused to

---

\* Sitting by designation.

tax counsel fees as costs. Plaintiffs appeal.

Possibly broad questions of policy could be presented in a case of this character—whether, for example, color discrimination with relation to housing, section 1982, is to be treated differently from violations of the more general sections 1981 and 1983, and how broad an interpretation is to be given to section 1988. There also may be questions of whether a suit is being prosecuted for the benefit of the individual plaintiff, or whether it may be thought that particular counsel are more concerned with a court decision than with their specific client. *Cf.* Springfield School Committee v. Barksdale, 1 Cir., 1965, 348 F.2d 261, 265. We will not deal with these questions, beyond making the following observations.

■■ The violation of an important public policy may involve little by way of actual damages, so far as a single individual is concerned, or little in comparison with the cost of vindication, as the case at bar illustrates. If a defendant may feel that the cost of litigation, and, particularly, that the financial circumstances of an injured party may mean that the chances of suit being brought, or continued in the face of opposition, will be small, there will be little brake upon deliberate wrongdoing. In such instances public policy may suggest an award of costs that will remove the burden from the shoulders of the plaintiff seeking to vindicate the public right. We regard this as such a case.[1] See, in general, Newman v. Piggie Park Enterprises, 1968, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263; Lee v. Southern Home Sites Corp., 5 Cir., 1971, 444 F.2d 143,

147. The judgment denying counsel fees is reversed.

As to the amount of the fee, it might be thought appropriate to compare with the schedule set in the Criminal Justice Act, 18 U.S.C. § 3006A(d), without the maximum limitation, but we leave such matters to the district court. Costs in this court will be taxed to include appellants' counsel's fees. Counsel may submit statement. Remanded for further proceedings consistent herewith.

---

1. With this compare cases like Caperci v. Huntoon, 1 Cir., 1968, 397 F.2d 799, cert. denied 393 U.S. 940, 89 S.Ct. 299, 21 L.Ed.2d 276, where substantial damages were awarded, and where defendants were not shown to be engaged in a general course of improper conduct, as we would infer in the case at bar. Possibly until the law becomes fully settled in this area, district courts might be advised to make findings of fact in all civil rights cases as to the desirability of counsel fees.