John J. COLE, Plaintiff,

v.

Paul HALL, Individually and as President, etc., Defendants.

No. 63 C 1296.

United States District Court,
E. D. New York.

Jan. 15, 1974.

Burton H. Hall, New York City, for plaintiff.

Schulman, Abarbanel, McEvoy & Schlesinger, New York City, for defendants.

Memorandum of Decision and Order

MISHLER, Chief Judge.

In a memorandum of decision dated October 17, 1973, this court directed that an evidentiary hearing be held on the plaintiff's motion for supplementary attorney's fees for services rendered in the United States Court of Appeals for the Second Circuit, 462 F.2d 777 and the United States Supreme Court, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702. The hearing, at which testimony concerning the reasonableness of the fee was offered, took place on October 19th and November 16th, 1973. The court hereby awards plaintiff's counsel the sum of $5,000 for services rendered in the Court of Appeals and the sum of $5,500 for services rendered in the Supreme Court.

At the hearing, plaintiff's counsel testified that he had expended 158 hours in performing various services relating to

the appeal before the Court of Appeals, and 354 hours in performing services relating to the appeal before the Supreme Court. Plaintiff's counsel is an experienced labor lawyer. The issues involved in the appeals were novel. His skill and effort brought success to the plaintiff and other members of the defendant-union.

■ I find that of the 158 hours devoted to preparing the appeal before the Court of Appeals, approximately 100 hours were spent performing services that may be fairly classified as legal. Of the 354 hours devoted to the appeal before the Supreme Court, I find that approximately 110 hours may be fairly classified as time spent performing legal services.[1]

The fair and reasonable hourly rate for the legal services rendered is $50.00. Plaintiff's counsel is entitled to the sum of $5,000 for services rendered in the Court of Appeals and $5,500 for services rendered in the Supreme Court.

■ Defendant vigorously opposes the grant of counsel fees for services rendered in the Supreme Court on the ground that the appeal involved solely the right to counsel fees.[2] The fact that the right to counsel fees was the only issue litigated on appeal does not in itself, however, preclude recovery by plaintiff's counsel for services rendered in that appeal. In Knight v. Auciello, 453 F.2d 852 (1st Cir. 1972), the court noted that "[t]he single question in this case is whether the district court erred in not awarding counsel fees . . . . " The court held that the failure to award counsel fees did constitute reversible error and, in remanding to the district court for the fixing of fees, stated that "[c]osts *in this court* will be taxed to include appellants' counsel's fees."[3] Id. at 853 (Emphasis added.)

■ The determinative factor in awarding counsel fees is whether the services rendered conferred a "substantial benefit on the members of an ascertainable class." Mills v. Electric Auto-Lite, 396 U.S. 375, 393–394, 90 S.Ct. 616, 626, 24 L.Ed.2d 593, 607 (1970), as quoted in Hall v. Cole, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702, 707 (1973). Although conceding that the union's treasury may be burdened by

---

1. Counsel claims to have spent the following amounts of time in preparing for the Supreme Court appeal:

| | |
|---|---|
| Reviewing petition for cert. | 20 hours |
| Memo in opposition to cert. | 20 |
| Motion to dismiss writ of cert. | 30 |
| Reviewing petitioner's brief | 30 |
| Researching respondent's brief | 140 |
| Drafting respondent's brief | 80 |
| Reviewing A.C.L.U. amicus brief | 20 |
| Travel and argument | 14 |
| | 354 hours |

A large portion of this time, however, was spent in performing clerical and secretarial tasks. Plaintiff's counsel does not engage secretarial help and personally performs many tasks normally assigned to secretaries and clerks.

2. The "Questions Presented" as formulated in Petitioner's Brief indicate the limited scope of the appeal before the Supreme Court:

1. Whether a federal court in a Section 102 proceeding, reviewing an expulsion of a member by a union, finding his expulsion in violation of Section 101(a)(2), and directing his restoration to membership, may also award the member's attorney reasonable counsel fees.

2. Whether a federal court in a Section 102 proceeding, in restoring an expelled member to membership, may award reasonable counsel fees when it is found that the member sustained no damages by reason of the expulsion; additionally found that the union in good faith believed it had the right to discipline the member of his conduct; further found no motivation of malice by the union in its discipline of the member and does not find that the member by his conduct acted in good faith, but instead concludes that the member's conduct was motivated in fact for personal political ambitions.

3. *Knight* involved a claim under 42 U.S.C. § 1982 of racial discrimination in housing. This claim, it should be noted, does not fall within 42 U.S.C. § 2000a–3(b) providing for counsel fees in cases brought under the 1964 Civil Rights Act.

counsel fees for services rendered on behalf of one union member which benefit all members, the defendant argues that services rendered by plaintiff's counsel seeking to protect his right to the fee benefit only that individual plaintiff and not the union as a whole. Defendant cites Kahan v. Rosenstiel, 424 F.2d 161, 174 n. 16 (3d Cir.), cert. denied, 398 U. S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970), and Dillon v. Berg, 351 F.Supp. 584 (D.Del.1972), in support of this proposition. The court in *Dillon,* relying on *Kahan* [4] refused to award attorneys' fees for "that portion of the effort which conferred special benefits on the plaintiffs over and above that conferred on the general class . . . ." 351 F.Supp. at 588. These cases stand solely for the proposition that a class should pay only to the extent that it actually benefits from an action. The cases shed no light on the question of whether litigation to secure and protect counsel fees confers "special benefits" on the plaintiff "over and above that conferred on the general class."

With the exception of Knight v. Auciello, *supra,* the search for authority on this precise point proved to be fruitless. The court finds some support for reimbursing counsel in Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). There the Court stated that:

> If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest . . . . Congress therefore enacted the provision for counsel fees . . . to encourage individuals injured by racial discrimination to seek judicial relief under Title II.

Similarly, the Supreme Court in Hall v. Cole, upholding this court's award of counsel fees for services rendered at trial, pointed to the Congressional objectives in enacting the Labor Management and Disclosure Act:

> Title I of the LMRDA—the "Bill of Rights of Members of Labor Organizations"—was specifically designed to promote the "full and active participation by the rank and file in the affairs of the union," and . . . the rights enumerated in Title I were deemed "vital to the independence of the membership and the effective and fair operation of the union as the representative of its membership."

412 U.S. at 7–8, 93 S.Ct. at 1947–1948 (citations omitted). The rights of union members granted under Title I of the LMRDA would be valueless without the means to vindicate them. The services rendered by plaintiff's counsel established the right of union members to reasonable counsel fees in the prosecution of claims protecting their Title I rights. In essence, plaintiff's counsel served as a private attorney general.[5] The challenge to his fee is a matter of public concern and it is in the public interest that he be compensated for the services rendered in the protection of his fee.

The court has this day made an order directing the defendant union to pay plaintiff the sum of $10,500.

---

4. In *Kahan,* the Court of Appeals, in reversing the lower court's dismissal of the plaintiff's petition for counsel fees, mentioned in a footnote that "[t]he District Court . . . must determine the actual benefit which plaintiff created for the other . . . shareholders." 424 F.2d at 174 n. 16.

5. The Supreme Court in Hall v. Cole, 412 U.S. at 5–6 n. 7, 93 S.Ct. at 1946 n. 7, did not find occasion to reach plaintiff's attorney's claim to legal fees on the theory that he acted as a private attorney general vindicating a Congressional objective.