John C. SHIMMAN, Plaintiff–Appellee, Cross–Appellant,

v.

John FRANK et al., Defendants–Appellants, Cross–Appellees.

Nos. 77–3339, 77–3343.

United States Court of Appeals, Sixth Circuit.

Oct. 1, 1980.

N. Victor Goodman, James F. DeLeone, Topper, Alloway, Goodman, DeLeone & Duffey, Stephen Lewis, Columbus, Ohio, for defendants–appellants, cross–appellees.

Cary Rodman Cooper, Hayward, Cooper, Straub, Walinski, Cramer & Co., T. Scott Johnston, Toledo, Ohio, for plaintiff–appellee, cross–appellant.

Before ENGEL and KEITH, Circuit Judges, and PECK, Senior Circuit Judge.

KEITH, Circuit Judge.

ORDER

In this case, we affirmed a finding of liability as to all defendants except the International Union of Operating Engineers. We reasoned that given the local nature of the controversy and the absence of any evidence of international participation, the International Union could not be liable. We also declined to rule on the plaintiff's cross–appeal that the International violated plaintiff's rights under 42 U.S.C. §§ 1985(3) and 1986 for the reason that liability was established under the Landrum–Griffin Act and the pendant state claim. The plaintiff now claims that we must determine whether the International is liable for its "inaction" under 42 U.S.C. §§ 1985(3) and 1986.

We think it clear from our opinion that the International Union is no more liable for its alleged "inaction" under 42 U.S.C. §§ 1985(3) and 1986 then under the Landrum–Griffin Act or Ohio tort law. As we noted in our opinion, in *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), the Supreme Court declined to find certain city officials liable for inaction under 42 U.S.C. § 1983, a sister statute to 42 U.S.C. §§ 1985 and 1986. The facts of this case are less compelling than the facts in *Rizzo*. There are certainly situations where inaction can lead to liability under the civil rights act. See the excellent discussion in *Turpin v. Mailet*, 619 F.2d 196 (2nd Cir., 1980). This case simply does not present such a situation.

The petition for rehearing, 625 F.2d 80 (6th Cir., 1980), is denied.