John C. SHIMMAN, Plaintiff-Appellee,

v.

INTERNATIONAL UNION OF OPER-ATING ENGINEERS, LOCAL 18, Defendant-Appellant.

No. 82–3370.

United States Court of Appeals, Sixth Circuit.

Argued June 16, 1983.

Decided Oct. 21, 1983.

---

William Fadel (argued), Wuliger, Fadel & Beyer, Cleveland, Ohio, for defendant-appellant.

Cary Rodman Cooper, Cooper, Straub, Walinski & Cramer, Thomas J. Tucker (argued), Stephen M. Dane, Toledo, Ohio, for plaintiff-appellee.

Before KEITH and MERRITT, Circuit Judges, and ALLEN, District Judge.*

ALLEN, District Judge.

This appeal challenges the district court's award of attorneys' fees to the plaintiff-appellee for services rendered during the 1980 appeal of the underlying claim.

The complaint was filed pursuant to 29 U.S.C. § 412 alleging malicious assault and beating of appellee by three individuals who were members of appellant Local 18, in violation of § 101 of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 411. The complaint also alleged violations of 42 U.S.C. §§ 1985(3) and 1986. It also set forth a claim under Ohio Common Law for assault and battery.

The district court dismissed the civil rights claims but upheld the Landrum-Griffin and Ohio Common Law claims. Judgment was entered by the district court awarding appellee $107,067.99 in compensatory damages and $675,000 in punitive damages. Also, a fee award of $75,000 was granted which the parties stipulated was reasonable but the appellant contested the question of whether they should have been awarded. On the appeal, the court affirmed the imposition of liability against all defendants except the International Union and affirmed the award of compensatory damages and attorneys' fees in full. The punitive damages award against the three individual defendants and against Local 18 were substantially reduced. See *Shimman v. Frank,* 625 F.2d 80 (6th Cir.1980).

Following the decision of this court, Shimman filed an application for additional fees in the district court. He sought $56,-178 as attorneys' fees for the work his counsel performed during the 1980 appeal. The application was documented and supported by a memorandum of law and affidavits. The appellants contested the court's authority to issue an award but did not challenge the amount claimed. The district court then filed its opinion awarding Shimman the additional attorneys' fees in the amount requested.

■ The appellant argues that only the Court of Appeals can make an award of attorneys' fees for services rendered in that court. The decision of this court in *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624 (6 Cir.1979), reh. denied January 17, 1980, holds that district courts are ordinarily the preferable forum to determine attorneys' fees for services rendered on appeal because of their superior access to fact-finding procedures. In light of *Northcross* and *Rodriguez v. Taylor,* 569 F.2d 1231 (3rd Cir.1977), *cert. denied,* 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978), appellants' contention in this regard is without merit.

Appellant also contends that since its appeal was taken in good faith, there is no authority for levying a fee award against it under the bad faith rationale. This argument overlooks the language of the Supreme Court in *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), which states, in essence, that bad faith may be found not only in the actions that lead to a lawsuit but also to the conduct of the lawsuit. See p. 1951. In the case at bar, it is the bad faith that led to the lawsuit which prompted the Court of Appeals on the original appeal to award fees.

■ Since there was bad faith in the matters that led to the lawsuit, the purposes of fee-shifting which are warranted where there is bad faith can be completely served only when the plaintiffs secure an award for attorneys' fees at both the dis-

* The Honorable Charles M. Allen, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation.

trict and the appellate court levels. To deny the appellee a fee at the appellate court level would only partially shift the fee burden to the appellants, and would defeat the essential purpose of the bad faith exception to the general American rule that prevailing parties cannot recover their attorneys' fees. See *Hall v. Cole,* 376 F.Supp. 460 (E.D.N.Y.1974).

■ Argument is made that this court, by directing costs to be borne by the parties on the first appeal, meant to preclude the appellee from recovering any attorneys' fees for services rendered on that appeal. That argument is resolved by holding that this court was not presented with any issue as to attorneys' fees to be granted for services upon the first appeal when it entered its order directing the sharing of costs. While the entry of an order directing the sharing of costs under Rule 39(a), Federal Rules of Appellate Procedure, has significance in cases arising under 42 U.S.C. § 1988, where the only grounds upon which an attorney's fee may be awarded is as part of the costs, such is not the case here where the fees were awarded under the bad faith rule theory.

We, therefore, hold that the district court had authority to award fees for services rendered upon the first appeal, and that Rule 39(a) and the previous order of the Court directing the parties to bear their own costs constitutes no bar to the award.

■ Finally, appellants contend that there should have been an evidentiary hearing with respect to the amount of attorneys' fees to be awarded. The problem with that contention is that appellant at no time requested a hearing by local rules, nor did it oppose the amount of fees requested by appellee. The only objection, and the one that it has preserved on appeal, is that District Judge Don Young had no authority to enter a fee award of any amount. Given these facts, there was no error upon the part of Judge Young in refusing to alter or amend his findings concerning the attorneys' fees, or to grant the appellant a new trial on that issue.

The court observes for the benefit of the parties that this is the final award of attorneys' fees which will be made in this case.

The judgment of the district court granting attorneys' fees is hereby AFFIRMED.

MERRITT, Circuit Judge, dissenting.

Without a hearing or any rationale that I can understand, the District Court awarded plaintiff over $50,000 in attorney's fees as costs for handling the prior appeal in this Court. The District Court did so in the face of our prior disposition of the case in which we ordered that each party should bear his own costs.

This action is not a suit in equity. It is an action at law for battery. No statute authorizes attorney's fees in such cases, and it is clear that there is no American common law tradition which supports an award of attorney's fees in such cases. *See Alyeska Pipeline Services Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Moreover, even if authority existed for such an award, attorney's fees are awarded only as a part of costs, and this Court has already spoken on this issue in its earlier disposition when it declined to award appellate costs to plaintiff and ordered each party to bear his own costs. Thus, the award of attorney's fees in this case is without precedent or authority and is directly contrary to a prior order of this Court.

The Court does not articulate any recognized theory for the award of attorney's fees. The plaintiff has not created a common fund for the benefit of others, and the defendants are not accused of bad faith in the conduct of the litigation either in the District Court or in this Court. Indeed, the defendants succeeded in getting the District Court judgment reversed in part in the appellate proceeding in which plaintiff is now being awarded fees. So far as I am aware, this is the first case brought at law in the Sixth Circuit in which a party, in the absence of statute, has received attorney's fees simply because of wrongful conduct unconnected with the trial itself. An award of attorney's fees in this case under-

mines the "American approach [to attorney's fees] founded on the egalitarian concept of providing relatively easy access to the courts to all citizens and reducing the threat of liability for litigation expenses as an obstacle to the commencement of a lawsuit or the assertion of a defense that might have some merit." 10 WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE § 2665, p. 172 (1983).

In addition, after the first appeal, this Court declined to award plaintiff his costs. After reversing in part the judgment of the court below in favor of plaintiff, this Court ordered that each party should pay his own costs. The majority does not now suggest any reason for reversing the previous decision of this Court on costs. I would adhere to the previous decision, and I therefore respectfully dissent.