785 F.2d 310
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN C. SHIMMAN, Plaintiff-Appellant,
v.
INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 18, et al,
Defendants,
TERRY OLIVER GROTHAUS, JAMES GROTHAUS, and JOHN FRANK,
Defendants-Appellees.
 85-3160
 United States Court of Appeals, Sixth Circuit.
 1/30/86
 
 Before: ENGEL, KENNEDY, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal presents the question whether this Court's decision in Shimman v. International Union of Operating Engineers, Local 18, 744 F.2d 1226 (6th Cir. 1984) (en banc), cert. denied, 105 S. Ct. 1191 (1985), reversed the District Court's award of attorney fees against all defendants, including three individual defendants who never appealed the award, or whether that decision reversed the attorney fees award only as to the appellant in that case, International Union of Operating Engineers, Local 18 ('Local 18'). For the reasons stated below, we vacate the District Court order vacating the attorney fees award against all defendants, including the three individual defendants who did not appeal, and remand the case to the District Court with instructions to reinstate the attorney fees award, jointly and severally, against defendants-appellees, John Frank, James O. Grothaus, and Terry Oliver Grothaus.
 
 
 2
 Following this Court's decision in Shimman v. Frank, 625 F.2d 80, reh'g denied, 633 F.2d 468 (6th Cir. 1980), plaintiff-appellant, John C. Shimman, filed an application for additional attorney fees in the United States District Court for the Northern District of Ohio. The application requested $56,178 in attorney fees incurred in defending the appeal against 'the defendants International Union of Operating Engineers Local 18, John Frank, James O. Grothaus, and Terry Oliver Grothaus, jointly and severally . . ..' On October 20, 1981, the District Court granted the application for attorney fees and ordered 'that judgment be rendered for the plaintiff in the amount of $56,178.00 for attorney's fees assessed jointly and severally against all defendants.' On October 30, 1981, the defendants filed a motion for a new trial or, in the alternative, to alter or amend judgment pursuant to Fed. R. Civ. P. 59(a) and (e). The District Court overruled defendants' motion on May 11, 1982. On June 4, 1982, Local 18 filed a notice of appeal appealing the District Court's October 20, 1981 and May 11, 1982 orders. The notice of appeal listed only Local 18 as an appealing party. Defendants-appellees never filed a notice of appeal.
 
 
 3
 Initially, a panel of this Court affirmed the District Court's award of attorney fees. Shimman v. International Union of Operating Engineers, Local 18, 719 F.2d 879 (6th Cir. 1983). On December 5, 1983, this Court vacated the panel's opinion and granted rehearing en banc. In Shimman v. International Union of Operating Engineers, Local 18, 744 F.2d 1226 (6th Cir. 1984) (en banc), cert. denied, 105 S. Ct. 1191 (1985), this Court reversed the District Court's award of attorney fees incurred in the earlier appeal and remanded the case to the District Court 'with directions to enter an order denying attorney fees.' 744 F.2d at 1238. On remand, in an order dated October 24, 1984, the District Court vacated the previous award of attorney fees and further ordered that 'plaintiff Shimman's application for attorney fees incurred in the appeal of this cause should be, and hereby is, DENIED.' On November 2, 1984, appellant filed a motion in the District Court to alter or amend judgment under Fed. R. Civ. P. 59(e) to clarify that the District Court's October 24, 1984 order did not affect the judgment against defendants-appellees. On February 13, 1985, the District Court overruled appellant's motion to alter or amend judgment stating:
 
 
 4
 Thus, regardless of who may have raised the question, if the judgment of this Court was without jurisdiction and void, upon the mandate of the appellate court to deny the award of attorney fees, it must be denied in its entirety, and not just to Local 18.
 
 
 5
 In this appeal, plaintiff-appellant argues that because defendants-appellees failed to appeal, as to them, the District Court's attorney fees award became final, and this Court's en banc decision did not affect the attorney fees award against defendants-appellees. We agree. In Browder v. Director, Department of Corrections, 434 U.S. 257, 264 (1978) (citations omitted), the Supreme Court firmly stated:
 
 
 6
 Under Fed. Rule App. Proc. 4(a) and 28 U.S.C. Sec. 2107, a notice of appeal in a civil case must be filed within 30 days of entry of the judgment or order from which appeal is taken. This 30-day time limit is 'mandatory and jurisdictional.'
 
 
 7
 Fed. R. App. P. 3(c) provides in pertinent part: 'The notice of appeal shall specify the party or parties taking the appeal . . ..' This Court has also held that Fed. R. App. P. 3(c) imposes a jurisdictional requirement. In Van Hoose v. Eidson, 450 F.2d 746 (6th Cir. 1971), this Court stated that the term 'et al' did not inform the other parties or this Court as to which of the three unnamed plaintiffs sought to appeal the district court's order. Accordingly, this Court did not consider the unnamed plaintiffs' appeals. See also Life Time Doors, Inc. v. Walled Lake Door Co., 505 F.2d 1165, 1168 (6th Cir. 1974) (this Court held that it did not have jurisdiction over William B. Gilbert because the notice of appeal did not name him). Since the notice of appeal named only Local 18 as the party taking appeal, this Court's mandate in the en banc decision affected only the judgment against Local 18.
 
 
 8
 The District Court's order vacating the attorney fees award against all defendants, including defendants-appellees, indicates that the District Court interpreted this Court's en banc decision as holding that the District Court lacked jurisdiction so that the judgment awarding attorney fees was void. This Court's en banc decision, however, held that the attorney fees award was erroneous because none of the theories that plaintiff-appellant proposed justified the award. 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2862, at 198-200 (1973) (footnotes omitted) discusses the distinction between 'void' and 'erroneous' judgments:
 
 
 9
 A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.
 
 
 10
 Since the District Court had subject matter and personal jurisdiction over the parties and acted with due process of law, the judgment awarding attorney fees was erroneous not void.
 
 
 11
 Although defendants-appellants did not file a motion under Fed. R. Civ. P. 60(b), they contend that the District Court could have vacated the attorney fees award under Rule 60(b). In Steinhoff v. Harris, 698 F.2d 270, 275 (6th Cir. 1983), however, this Court, quoting Sampson v. Radio Corporation of America, 434 F.2d 315, 317 (2d Cir. 1970), stated that: "A motion under Rule 60(b) cannot be used to avoid the consequences of a party's decision to settle the litigation or to forego an appeal from an adverse ruling." Accordingly, this Court held that since the defendant waived his right to appeal by letting the time limit for appeal run, the defendant could not attempt to revive the right to appeal by filing a Rule 60(b)(1) motion. Similarly, since defendants-appellees did not file a notice of appeal, the District Court could not vacate the attorney fees award against defendants-appellees under Fed. R. Civ. P. 60(b).
 
 
 12
 Accordingly, we reverse the District Court's order vacating the award of attorney fees against all defendants, including the three individual defendants who did not appeal the award, and remand the case to the District Court with instructions to reinstate the attorney fees award jointly and severally against defendants John Frank, James O. Grothaus, and Terry Oliver Grothaus.