Robert "Red" KINNEY, Individually and as a Member on Behalf of Local Union 396 of the International Brotherhood of Electrical Workers, Plaintiffs–Appellants,

v.

The INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Charles H. Pillard, Individually, et al., Defendants–Appellees.

No. 85–2647.

United States Court of Appeals, Ninth Circuit.

June 27, 1991.

R. Kelly Hocker, Tempe, Ariz., for plaintiffs-appellants.

Gregg H. Temple, Phoenix, Ariz., for defendants-appellees.

Before BROWNING, HALL and LEAVY, Circuit Judges.

JAMES R. BROWNING Circuit Judge:

Robert "Red" Kinney, former business manager and financial secretary of Local 396 of the International Brotherhood of Electrical Workers (IBEW), sued IBEW under Section 102 of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 412 and Section 301(b) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, alleging, *inter alia,* that the union had improperly removed him from his elected office in Local 396 in violation of Section 101 of the LMRDA, 29 U.S.C. § 411, and had imposed an illegal trusteeship on Local 396 in violation of Section 304(c) of the LMRDA, 29 U.S.C. § 464. Judgment was entered for Kinney. IBEW did not appeal. Kinney moved for an

award of attorney's fees. The district court denied the motion. Kinney appealed only the denial of attorney's fees. We reversed in an unpublished memorandum decision 902 F.2d 39. Kinney then filed the motion now before us for an award of attorney's fees incurred in the successful prosecution of his appeal from the denial of fees in the district court. We grant the motion and remand to the district court for a determination of the appropriate amount.

## I

We reversed the denial of attorney's fees incurred in the district court pursuant to the Supreme Court's holding in *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). In *Hall*, the Court held that attorney's fees may be awarded to the plaintiff in an action under Title I of LMRDA, 29 U.S.C. § 412, when "the plaintiff's successful litigation confers 'a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them.'" *Id.* at 5, 93 S.Ct. at 1946 (quoting *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 393–94, 90 S.Ct. 616, 626, 24 L.Ed.2d 593 (1970)).[1] We concluded that the criteria for awarding attorney's fees

under the "common benefit" theory of *Hall* were present in this case.

We noted that Kinney's "successful challenge to an unlawfully imposed trusteeship benefits the union by rendering invalid all consequences of the trusteeship, and returning autonomy to the local," and that Kinney's "successful suit will deter the union from similar unlawful conduct in the future, even absent an award of damages, because the union now knows the action was illegal." We observed that "[f]ailure to award attorneys' fees in these circumstances would discourage individual members from challenging unlawfully imposed trusteeships, and an important check on the power of the international union would be lost." We concluded that Kinney's successful challenge to the imposition of the trusteeship on Local 396 "unquestionably" benefited the union and its membership.[2]

Turning to Kinney's claim that he was unlawfully removed from office we held: "For the same reasons, Kinney is entitled to attorneys' fees on his claim under [29 U.S.C.] section 185, challenging his removal from union office. By vindicating his right against discharge without due process, Kinney has conferred a substantial benefit on his fellow union members."[3]

Thus it is the law of this case that Kinney's suit satisfied the criteria established

---

**1.** We noted that the Supreme Court subsequently stated that three elements must be established to recover fees under the common benefits doctrine approved in *Mills* and applied in *Hall*: (1) the class of beneficiaries should be "small in number and easily identifiable"; (2) "[t]he benefit could be traced with some accuracy"; and (3) "the costs could ... be shifted with some exactitude to those benefiting." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 264–65 n. 39, 95 S.Ct. 1612, 1625 n. 39, 44 L.Ed.2d 141 (1975). However, as we noted in our unpublished decision, this court has not read *Alyeska* as imposing any additional requirements in cases governed by *Hall*. *Southerland v. International Longshoremen's and Warehousemen's Union, Local 8*, 845 F.2d 796, 798–99 (9th Cir.1987).

**2.** We have previously reached the same conclusion on similar facts. *See Higgins v. Hardin*, 644 F.2d 1348, 1352 (9th Cir.1981). Other circuits are in accord. *See, e.g., McDonald v. Oliver*, 525 F.2d 1217, 1228–29 (5th Cir.1976).

**3.** IBEW relied upon *International Union of Petroleum & Indus. Workers v. Western Indus. Maintenance, Inc.*, 707 F.2d 425 (9th Cir.1983), to argue that the substantial benefit theory does not apply to claims under Section 301 of the LMRA, 29 U.S.C. § 185. We pointed out that *International Union* involved an award of attorney's fees for a bad faith violation of Section 301. *Id.* at 428. The substantial benefit basis for awarding attorney's fees was not at issue and the court did not discuss it. Silence on the issue could not be interpreted as holding the substantial benefit theory inapplicable to section 185 cases. We found *Burke v. French Equip. Rental, Inc.*, 687 F.2d 307 (9th Cir.1982), similarly inapposite.

Other courts have also applied the substantial benefit theory in suits brought under section 185. *See, e.g., Emmanuel v. Omaha Carpenters Dist. Council*, 560 F.2d 382, 385 (8th Cir.1977); *Castillo v. United Parcel Service*, 118 L.R.R.M. 3190, 112 Lab.Cas. (CCH) ¶ 11,299, 1985 WL 25009 (C.D.Cal. January 18, 1985).

by the Supreme Court in *Hall* for an award of attorney's fees—it conferred a substantial benefit upon an ascertainable class, the members of the union, and the award would spread the cost of the fees proportionately among those members.

■ The union argues that although entitled to fees for the legal work necessary to achieve this result on the merits, Kinney is not entitled to fees for the work required to obtain those fees. The union argues that the fee litigation, unlike the litigation on the merits, did not confer a substantial benefit upon the members of the union but only upon Kinney and his counsel. We reject this argument and hold that where an award of fees for attorneys' services is appropriate under the LMRDA, an award of fees is also appropriate for services required to obtain that fee award.

We note as an initial matter that a recent Supreme Court decision suggests that it may be inappropriate to inquire whether the fee litigation alone conferred a substantial benefit upon the union and its members. In *Commissioner, I.N.S. v. Jean,* — U.S. —, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), a case arising under the Equal Access to Justice Act, a unanimous Supreme Court rejected the government's suggestion that the court should examine the fee litigation as a segregable unit for which an award of fees must be independently justified. *Id.* 110 S.Ct. at 2318–21. The Court noted that requiring separate findings at each stage of the litigation would lead to a " 'Kafka-esque judicial nightmare' of infinite litigation to recover fees for the last round of litigation over fees." *Id.* at 2321 (citation omitted). Instead, the Court wrote, "fee-shifting statutes[ ] favor[ ] treating a case as an inclusive whole, rather than as atomized line-items." *Id.* at 2320. Although *Jean* did not address common law fee-shifting, the Court's concern that requiring the courts to determine fee eligibility twice or more in a single lawsuit would unnecessarily multiply litigation, *id.* at 2321, is equally applicable here.

An award of fees is appropriate in this case even if *Jean* is not applicable. Prior to *Jean,* the courts uniformly rejected the argument that fees may not be awarded for time spent seeking fees in a common benefits case. In *Hall* itself, the district court on remand awarded fees for the time spent pursuing the claim for fees in the Court of Appeals and in the Supreme Court. *See Cole v. Hall,* 376 F.Supp. 460, 461–62 (E.D.N.Y.1974). Both the Second and Third Circuits have also expressly upheld the award of fees in common benefits cases for attorney time required to obtain fees in such cases. *See Donovan v. CSEA Local Union 1000,* 784 F.2d 98, 106 (2d Cir.1986); *Pawlak v. Greenawalt,* 713 F.2d 972, 984 (3d Cir.1983).

In *Pawlak,* the plaintiff filed suit alleging his union had burdened his rights under Title I of LMRDA to sue the union, to express his views, and to participate freely in union affairs. The union settled on the merits. Pawlak sought to recover fees both for work on the underlying action and for work on the application for fees. The court concluded the suit had conferred a substantial benefit upon the members of the union: "In vindicating their rights of freedom of speech and full and active participation in Union affairs, appellees in this case, as the respondent in *Hall v. Cole,* dispelled the 'chill' cast upon the rights of all Union members and contributed to the preservation of union democracy." *Id.* at 980.

The court then turned to the question "whether the district court erred as a matter of law in awarding attorneys' fees for work performed on the application for attorneys' fees in this nonstatutory common benefit action." *Id.* The court began by noting the public policy considerations that justify awarding fees for fee litigation in cases arising under fee-shifting statutes: "if attorneys are required to litigate for their fees but are not compensated for the time spent on such litigation, their effective rates will be reduced correspondingly," and attorneys " 'may become wary about taking Title VII cases, civil rights cases, or other cases for which attorneys' fees are statutorily authorized.' " *Id.* at 983 (quoting *Prandini v. National Tea Co.,* 585

F.2d 47, 53 (3d Cir.1978)). The court then concluded:

> the policy considerations leading to such awards in vindicating Title VII rights are equally applicable to cases such as the instant case where counsel fees are authorized under the court's equitable powers to compensate successful plaintiffs in a common benefit action in which the benefit consists of the vindication of the class' rights conferred by Title I of LMRDA. In such cases, we hold that the district court may award attorneys' fees for time spent litigating the fee application.

*Id.* at 984.

The Second Circuit followed *Pawlak* in *Donovan*, holding that fees may be awarded for time spent preparing a fee application in a common benefits case under Title IV of LMRDA. The court first held that an "award of attorney's fees to Title IV intervenors is permissible under the 'common benefit' exception to the American Rule. This exception permits a court to compensate a successful plaintiff where his efforts have resulted in a substantial benefit to the members of an identifiable class of defendant beneficiaries." *Donovan*, 784 F.2d at 102. The court then pointed out that "the individual union member may not be able to get the necessary assistance of counsel if attorney's fees are unavailable. Thus, the availability of attorney's fees is fundamental to the protection of union members' rights under Title IV." *Id.* at 103.

■ The court concluded: "The fee application is a necessary part of the award of attorney's fees. If the original award is warranted, we think that a reasonable amount should be granted for time spent in applying for the award." *Id.* at 106.[4]

■ Fees are allowed for fee litigation in a common benefits case because to do so furthers the purposes served by the allowance of fees on the merits. *Pawlak*, 713 F.2d at 983–84.[5] The same result is reached for the same reasons in suits under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. As we held in *Southeast Legal Defense Group v. Adams*, 657 F.2d 1118 (9th Cir.1981), " '[i]t would be inconsistent with the purpose of the Fees Act to dilute a fees award by refusing to compensate the attorney for the time reasonably spent in establishing and negotiating his rightful claim to the fee.' " *Id.* at 1126 (quoting *Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir.1978). The Second Circuit's decision in *Gagne v. Maher*, 594 F.2d 336, 343–44 (2d Cir.1979), *aff'd*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), is to the same effect. The district court denied fees for time spent in connection with the fee application on the ground "those hours were spent solely for the attorneys' benefit and did not benefit the plaintiffs." *Id.* at 343 (internal quotations and citation omitted). The Second Circuit rejected this reasoning, stating:

> To hold otherwise would permit a deep pocket losing party to dissipate the incentive provided by an award through recalcitrance and automatic appeals.

*Id.* at 344 (quoting *Souza v. Southworth*,

---

**4.** There is no difference in principle between the time spent preparing a fee application and the time spent successfully defending the application in litigation. Both are a necessary part of the award of attorney's fees. *Cf. Bagby v. Beal*, 606 F.2d 411, 416 (3d Cir.1979) (reaching the same conclusion with respect to cases arising under 42 U.S.C. § 1988).

**5.** It is important to distinguish common benefit cases from cases in which the litigation creates a "common fund." "Under the common fund theory, fees and costs may be awarded to a party who creates, preserves or protects a fund or property for the benefit of others in addition to himself." *Pawlak*, 713 F.2d at 981 (citing

*Alyeska*, 421 U.S. at 247, 95 S.Ct. at 1616). In common fund cases, any fee award is deducted from the plaintiff's recovery. Fees are not awarded for fee litigation in common fund cases because, rather than creating or preserving the common fund, the fee litigation actually depletes it. *Id.* In common fund actions, "[t]he rationale supporting the award of attorneys' fees for the underlying litigation thus precludes an award of fees for the fee application...." *Id. See also Donovan*, 784 F.2d at 106 (drawing the same distinction). In common benefits cases, on the other hand, fees for litigation serve the same purpose as fees for litigating the merits.

564 F.2d 609, 614 (1st Cir.1977)).[6]

For the same reasons, we have held attorney's fees may be awarded for time spent litigating the fee issue in Title VII cases. *See Manhart v. City of Los Angeles, Dept. of Water and Power,* 652 F.2d 904, 909 (9th Cir.1981) *judgment vacated on other grounds,* 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983); *Rosenfeld v. Southern Pacific Co.,* 519 F.2d 527, 530–31 (9th Cir.1975). As we said in *Manhart,* "[i]t would be inconsistent to dilute an award of fees by refusing to compensate an attorney for time spent to establish a reasonable fee." *Manhart,* 652 F.2d at 909.

We also reject the union's argument that fees are inappropriate for work done on appeal. As noted above, in *Hall v. Cole* itself fees were awarded for appellate work to secure fees. *See Cole v. Hall,* 376 F.Supp. at 462. The Seventh Circuit's decision in *Local 17, Int'l Ass'n of Heat and Frost Insulators and Asbestos Workers v. Young,* 775 F.2d 870, 873 (7th Cir.1985), an LMRDA common benefits case, is also precisely in point:

> the LMRDA … authoriz[es] district courts to award attorney's fees for prevailing plaintiffs at the appellate levels. If this were not the case, the purpose of the LMRDA would be frustrated…. If disgruntled union members, as prevailing plaintiffs, were forced to incur costs for unsuccessful, fruitless Union appeals, this would have a chilling effect on union members' ability to afford challenging the union leadership. Situations would develop where union officials could wilfully violate the law, yet recognize an inability on the part of their membership to challenge the Local hierarchy in court due to a lack of funds. Union members would decide to bring suit based on financial considerations rather than merit. Hence, due to the uneven bargaining po-

sitions of the parties, the purpose of the LMRDA would be frustrated. This predicament clearly could not have been intended by Congress.

*Id.* (footnote omitted).

■ The concern that awarding fees for fee litigation will lead to abuse is also groundless. Exorbitant claims can and will be rejected in the exercise of the court's broad discretion. *See, e.g., Jean,* 110 S.Ct. at 2321; *Lund,* 587 F.2d at 77. Indeed, any award at all of fees for fee litigation may be denied if the court concludes fees already awarded have provided sufficient compensation to counsel. *Higgins v. Harden,* 644 F.2d 1348, 1353 (9th Cir.1981); *Bradford v. Textile Workers of America, AFL–CIO Local 1093,* 563 F.2d 1138, 1144 (4th Cir.1977).

## II

■ Counsel for Kinney asserts the reasonable value of his services based on the "lodestar" rate is $21,500. In addition, he asserts that this figure should be adjusted upward by a factor of 1½ because of the difficulty and undesirability of the case, its negative impact upon his ability to obtain labor unions as clients, his personal expertise, and other factors peculiar to counsel and to this case. *See Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975) (listing 12 factors which courts may consider in determining a fee award).

■ The union objects to any upward departure from the lodestar amount, arguing such a departure is inappropriate in any case where the award of fees is based upon the rule of *Hall v. Cole.* However, we have expressly directed the district courts to consider the twelve factors announced in *Kerr* in determining the appropriate fee in common benefit cases arising under the LMRDA. *Bise v. International Bhd. of*

---

**6.** Other cases permitting an award of "fees on fees" under Section 1988 are legion. *See, e.g., Jones v. MacMillan Bloedel Containers, Inc.,* 685 F.2d 236, 239 (8th Cir.1982); *Hymes v. Harnett County Bd. of Education,* 664 F.2d 410, 413 (4th Cir.1981); *Young v. Kenley,* 641 F.2d 192, 195 (4th Cir.1981); *Gurule v. Wilson,* 635 F.2d 782, 792 (10th Cir.1980); *Bond v. Stanton,* 630 F.2d 1231, 1235 (7th Cir.1980); *Love v. Mayor, Cheyenne,* 620 F.2d 235, 237 (10th Cir.1980); *Knighton v. Watkins,* 616 F.2d 795, 801 (5th Cir.1980); *Johnson v. Mississippi,* 606 F.2d 635, 637–38 (5th Cir.1979); *Bagby v. Beal,* 606 F.2d 411, 416 (3d Cir.1979); *Weisenberger v. Huecker,* 593 F.2d 49, 54 (6th Cir.1979); *Lund,* 587 F.2d at 77; *Souza,* 564 F.2d at 614.

*Elec. Workers*, 618 F.2d 1299, 1306 (9th Cir.1979). The choice to depart upward or downward from the lodestar amount in LMRDA cases is left within the sound discretion of the trial court. *See id.*

We agree with the union, however, that calculation of the amount of the fee requires a factual determination appropriately made by the district court. We therefore remand to the district court with the request that the court determine the amount of the attorney's fees to which Kinney is entitled for his appeal to this court, including fees for the time spent seeking this order.

It is so ordered.